PHŒBE C. GOODWIN *vs.* LESTER GOODWIN AND OTHERS.

An estate in land for the term of nine hundred and ninety-nine years, subject to the payment of an annual rent, is personal property, and the widow of the tenant can not claim dower out of it.

Where a testator devises certain real estate to his wife, with the provision that such devise shall not bar her claim of dower in his estate, the property thus devised must be excluded from consideration in estimating and assigning the dower.

A testator, having made such a devise and provision, proceeded to direct that certain other real estate be sold, and a mortgage on the land so devised be paid, and then gave and devised the residuary portion of his estate to his legal heirs, to be distributed to them according to the laws relating to intestate estates. Held that the widow was not entitled, under the terms of the residuary bequest, to share in the proceeds of the real estate sold, and which formed part of the residue of the estate.

AMICABLE submission to the superior court upon the following agreed statement of facts.

Horace Goodwin of Hartford died, leaving a will executed in 1863, which was duly proved, and in which occurred the following provisions :

" First. I give and bequeath to my beloved wife, Phœbe C. Goodwin, all my househould furniture, plate and jewelry, and all my personal property in my house.

" Second. I give and bequeath to her the house and lot, No. 41 Pearl street. I hereby declare my purpose that the above bequest and devise to my wife shall not bar her claim of dower in my estate.

" I furthermore direct that the house No. 27 Market street, and the houses Nos. 30 and 32 Trumbull street, be sold, and the mortgage on house No. 41 Pearl street be paid.

" I also direct all debts paid. All money and estate belonging to me at my decease, not disposed of in the foregoing will, I give and devise to my legal heirs, to be distributed to them according to the laws relating to intestate estates."

The property on Market street was conveyed or leased in 1815 by the then owners, to one Eliakim Hitchcock, for the term of nine hundred and ninety-nine years, at an annual rent of forty-six dollars, the said Hitchcock and his heirs and

assigns to pay all the taxes and other legal. charges upon it. By various intermediate conveyances, all made subject to an annual rent of forty-six dollars, and containing the usual covenants of warranty and seizin, and that the grantors were seized of the estate as a good indefeasible estate in fee-simple, the estate of Hitchcock in this property became vested in the testator. The latter during his life mortgaged the property to other parties by his warranty deed.

All the real estate mentioned in the will was owned by the testator at the time of his decease.

The case was submitted to the court by the widow, executor and heirs-at-law, to obtain a decision upon the following questions :

1. Whether the widow is entitled to dower in the property on Market street.

2. Whether she is entitled to dower in the property on Pearl street.

3. Whether she is entitled to a share of the residue of the estate remaining after payment of all debts, legacies and other charges.

The case was reserved for the advice of this court.

*C. Chapman* and *Goodman,* for the plaintiff.

The wife can not be divested of her right of dower in all the real estate of her husband except by some act of her own. *Gove* v. *Cather,* 23 Ill., 634. The acceptance of a provision by will, which is expressly declared by the testator not to be in lieu of dower, is certainly not such an act. The devise of the Pearl street property, followed by this declaration, is in fact saying—I give you this property as a legacy, over and above your right of dower in my estate. The Market street property is real estate. 1 Swift Dig., 156 ; *Munn* v. *Carrington,* 2 Root, 15 ; *Wheeler* v. *Gorham,* id., 328 ; *Brainard* v. *Town of Colchester,* 31 Conn., 407.

The real estate which the testator directed to be converted into money, is to be regarded as money and distributed as such. *Craig* v. *Leslie,* 3 Wheat., 577 ; *Peter* v. *Beverly,* 10 Pet., 532 ; *Taylor* v. *Benham,* 5 How., 233 ; *Hawley* v. *James,* 5 Paige, 320. And the widow is entitled to her share

of this and of all the residue of the estate as one of the legal heirs. The " legal heirs" must be those to whom the property of the deceased would go if he died intestate. 1 Swift Dig., 157 ; *Mace* v. *Cushman,* 45 Maine, 250, 262 ; *Morton* v. *Barrett,* 22 id., 264 ; *Burgin* v. *Patton,* 5 Jones Eq., 428 ; *Kisei* v. *Kisei,* 2 id., 28 ; *Brothers* v. *Cartwright,* id., 113 ; *Corbit* v. *Corbit,* 1 id., 114 ; *Baskin's Appeal,* 3 Penn. S. R., 304 ; *Aspden's Estate,* 2 Wallace Jr., 368.

*Barbour,* for the defendants.

Leasehold estate, though the lease be for nine hundred and ninety-nine years, is but a chattel interest in the lessee, and not the subject of dower, which can be claimed by a widow only out of real estate of which any issue which she might have had might by possibility have been heir. *Stedman* v. *Fortune,* 5 Conn., 462, 464 ; 1 Swift Dig., 87, 167 ; *Osborne* v. *Humphrey,* 7 Conn., 335 ; *Ware* v. *Washington,* 3 Sm. & Marsh., 737 ; *Spangler* v. *Stanler,* 1 Maryl. Ch. Dec., 36 ; 1 Washb. Real Prop., 153. The provision of the will, that the specific devise and bequest should not bar the claim of dower, does not purport to *give* anything, but simply to make clear that she was still to have what the law allowed her. The word " dower " refers exclusively to real estate. *Dow* v. *Dow,* 36 Maine, 211.

In regard to the claim of dower in the Pearl street property, she has this by law if she chooses so to regard it, and then takes the remaining estate in the premises by the will. But if she chooses to regard the whole as hers by the will, it would be absurd to suppose the testator intended, without express words to this effect, to charge the remainder of his real estate with the interest which the law gave her in this property, which he has given to her wholly and absolutely.

The personal property of the testator will be exhausted in payment of debts, legacies and charges, and only real estate and the avails of real estate sold will remain for distribution. The defendants do not therefore care to discuss the claim of the widow to share in the residue of the estate, besides receiving her dower, as it is not a practical question.

PARK, J. Horace Goodwin, late of Hartford, deceased, after devising and bequeathing certain property to his wife, declared his purpose to be that the devise and bequest should not bar her right of dower in his estate.

A part of the property that he died possessed of consisted of an estate for the term of nine hundred and ninety-nine years, with an annual rent of forty-six dollars ; and the first question submitted for our consideration is, whether the wife is entitled to dower in this part of his estate.

If an estate for so long a term of years can be regarded as real estate, then dower should be allowed, otherwise not. Revision of 1866, p. 421. The general principle is, that an estate for years is less than a freehold, and is nothing more than a chattel real, and is classed as personal property. 1 Swift Dig., 87, 167. Does a long term of years stand upon different ground in this respect from a short one ? Of course the value of the reversionary interest depends upon the length of time the estate for years is to continue, and such value in the present case is exceedingly small,—too small for any substantial benefit ; but does the difference in the value of reversionary interests make any difference in principle ?

If this estate had been created nine hundred and ninety years ago, it would be conceded that Horace Goodwin would have had only a chattel interest. If then at the commencement it is to be regarded as a fee simple, at what time will it change to a chattel real ? The claim of the plaintiff involves the necessity of fixing a time, and the absurdity of holding that immediately before the time shall arrive the estate will be a fee simple, and immediately after a chattel interest merely. We are unable to discover any difference in principle in this class of estates, whether they are to endure for a short or a long period of time, and we are satisfied that no distinction can be found in the common law. It is true that in the case of *Brainard* v. *The Town of Colchester*, 31 Conn., 407, Judge Dutton, in giving the opinion of the court, says in regard to an estate like the one under consideration, with the exception that in that case a gross sum was paid as the con-

sideration for the term :—"For all practical purposes it is a fee simple. The reversion becomes a mere imaginary estate." The learned judge used this language in reference to the extent of the estate, and the fact that substantially it contained all the property, which is obviously true. It is equally obvious that there is some value to the reversionary interest, for it will constantly increase, and at the end of the nine hundred and ninety-nine years will be equal in value to the entire property. The learned judge did not mean to declare that, in the administration of justice between party and party, the law regards such an estate as a fee simple, and that it should be treated as such, which is the question now before us. Judge Swift, in his Digest, Vol. 1, page 87, says : " A lease for a thousand years is considered only as an estate for years, and the lessee has only a chattel interest, which by the common law goes into the hands of his executor or administrator at his decease." Washburn in his first volume on Real Property, page 153, says :—"If therefore the estate of the husband be a term of years, his wife can not claim dower out of it at common law, no matter how long it is to continue, nor though it be renewable forever." The cases of *Ware* v. *Washington*, 6 Smedes & Marsh., 737, and *Spangler* v. *Stanler*, 1 Maryland Ch. Dec., 36, are to the same effect. See also 4 Kent Com., 35, 40, and Cruise's Digest, title *Dower*. We are referred to no case where the contrary doctrine has expressly been held, but a case in the second of Root's Reports, page 15, has been cited, where the levy of an execution upon an estate for the term of nine hundred and ninety-nine years as real estate, was held good. But this decision was made on the ground that the case came within the spirit of the statute in regard to the levy of executions on real estate, and that without such construction the property would be exempt from exe cution.

On the whole we are satisfied that the common law deprives the plaintiff of the right of dower in the Market street property, and so we advise the Superior Court.

The next question is, whether, in awarding dower to the plaintiff under the provisions of the will, the property devised

to her shall be taken into consideration. This question depends upon the construction that is to be given to the will. The language is, " I hereby declare my purpose that the above bequest and devise to my wife shall not bar her claim of dower in my estate." The testator seems to have been laboring under the impression that the devise to his wife would deprive her of all dower in his estate unless he declared his purpose to be otherwise. If he intended that she should have dower in his estate to the same extent to which she would have been entitled to it had he died intestate, it is reasonable to suppose that he would have so stated when his mind was upon the subject. The Pearl street property he devises to her. He knew it would be absolutely hers when the time should arrive for the assignment of dower. Could he have supposed the expression in his will was sufficient to make clear such intent and free the case of all ambiguity, when such intent rendered it necessary that the Pearl street property should contribute its share to the amount of dower, to be taken out of other property belonging to the testator, while it could in no event furnish itself any part of the actual dower ? His silence upon the subject leads us to the conclusion that he did not so intend.

Again, where dower in one piece of property is assigned in another, there is a substitution of property, a *quid pro quo*, for the convenience of the parties, but the Pearl street property has nothing to give in exchange. It was all disposed of by the devise, and it seems absurd that dower should attach to property in which it can never be enjoyed. The testator could have devised other property to the plaintiff, equivalent to dower in the Pearl street property, if he had been so disposed ; but this has not been done, neither is there anything going to show any such intent. The testator declares that his wife shall not be barred of dower in his estate. Nothing was intended to be given by the declaration, and unless dower can attach to the Pearl street property no dower can be assigned in other property in consequence of it.

We think therefore that in the assignment of dower under

the will, the Pearl street property must be excluded from consideration, and so we advise the superior court.

The third and last question is, whether the plaintiff is entitled to share in the residue of the estate after payment has been made of all the debts, legacies and charges upon the estate.

The defendants have declined to discuss this question, on the ground that it is of no importance in the case, inasmuch as all this class of property will be consumed in the payment of debts, legacies and expenses. The defendants must know in relation to it, for they are the parties interested in this class of property, and we therefore decline to answer the question.

A question however has been made, growing out of this inquiry, that it may be important to decide, and that is, whether, if the plaintiff has an interest in the residue of the estate, such interest extends to the proceeds of the sale of the property on Trumbull street, which the testator directs in his will to be sold. That property the testator owned in fee simple, and unquestionably the plaintiff will be entitled to dower therein, and the question is, has she a right to share in the proceeds of the sale in another capacity? So far as we are able to discover any reason operating upon the mind of the testator in directing the sale of this property, it was to furnish the means for the payment of the mortgage on the property devised to the plaintiff. It would be a strange construction of the will to suppose that the testator intended that his wife should not only have dower in the property, but should likewise share in the proceeds of the sale, when the will is silent on the subject, and the only reason that can be given for such construction arises from the fact that the testator directs the property to be sold, and the mortgage to be paid on the property devised to his wife.

We think she must be content with her dower in the property.

In this opinion the other judges concurred; except CAR-PENTER, J., who did not sit.