M. DOYLE, ET AL., *v.* TRUSTEES OF BELLEVUE.

[Kentucky Law Reporter, Vol. 1—168.]

**Legislative Power—Municipal Charter.**

> The general assembly has the power to apply the charter of one municipality to another by so declaring, but where it only provides that such parts of the charter of one municipality shall-apply to another one in so far as applicable it is its duty to also declare what parts are applicable, and where it fails to do so relative to the improvement of streets the municipality has no right to improve such streets at the cost of the lot owners.

APPEAL FROM CAMPBELL CIRCUIT COURT.

June 16, 1880.

OPINION BY JUDGE COFER:

The only authority claimed by the trustees of the town of Bellevue to cause the streets of the town to be improved at the cost of the owners of adjacent property is the following:

Section 2 of an act to amend the charter of Bellevue, approved February 28, 1871, provides that "All the laws of the city of Newport pertaining to the government of said city, as well as those to the making, improving and repairing streets, alleys, ways and public grounds out of the general and special taxation, as of the control and management of its affairs and its officers, so far as applicable, are hereby adopted and applied to said town of Bellevue."

Section 5 of an act to further amend the charter of Bellevue, approved April 21, 1873, provides: "That hereafter the said board, by a vote of at least two-thirds of the trustees, upon a call of the yeas and nays, shall, without any petition therefor, have the same power to order and require the improvement or repair of any street,

alley or public way, and to levy and collect a special tax therefor, that said board has by law when such improvements or repairs are petitioned for by the requisite property holders."

We entertain no doubt of the power of the legislature to apply the charter of one municipality to another by simply so declaring, but that has not been done in this case. The act does not declare that the charter of Newport is adopted and applied to the town of Bellevue. The language is that so much of said charter as is "applicable" is adopted. What parts are applicable? In the primary sense of the word all the provisions of the charter of Newport are applicable, i. e., capable of being applied to Bellevue. But it is evident that the legislature did not use the word in that sense, for if it had intended to adopt all the provisions of the Newport charter as part of the charter of Bellevue, the words "so far as applicable" would not have been used.

It follows, then, that the word "applicable" must have been used in the sense of "suitable," and in that sense it is the duty of the legislature, and not of the courts, to decide what parts of the charter of one town are applicable to another town. We are, therefore, of the opinion that the attempt made in the 4th section of the Act of 1871 to adopt as a part of the charter of Bellevue so much of the laws of Newport as are applicable, was abortive, and that the trustees of Bellevue have no right to improve the streets at the cost of lot owners.

The reasonableness of this conclusion will be more readily discovered from the following remarks based upon a careful examination of the charter of Newport in the case of Shriver v. Newport, just decided. That charter provides (Sec. 6, Art. 1864, p. 143, Laws of Newport) that in all additions made to the city since January 23, 1864, lot owners shall be assessed for the cost of grading adjacent streets, while other parts of the charter require that the city shall pay for grading streets in other parts of the city. Which of these is applicable to Bellevue? The legislature had undoubted power to apply either of these provisions to Bellevue, but it has not indicated which one it intended to apply, and the courts are powerless to decide which should be applied.

The Act of 1873 does not aid the appellees. It merely dispenses with the necessity for a petition, and provides that by a vote of two-thirds the trustees may require the streets to be improved, and levy and collect a special tax without a petition, just as they were previ-

42

ously authorized to do when petitioned. It confers no new power, but merely provides for dispensing with a prerequisite deemed to have been heretofore necessary, before exercising a power supposed already to exist.

We are, therefore, of the opinion that the proceedings of the trustees, so far as they sought to subject the property of the appellants to special assessment to pay for improving Fairfield avenue, are without authority of law, and void.

Judgment *reversed* and cause remanded with directions to dismiss the petition.

*R. W. Nelson, for appellants. F. M. Webster, for appellees.*

[Cited, *Town of Bellevue v. Peacock*, 89 Ky. 495, 11 Ky. L. 702, 12 S. W. 1042, 25 Am. St. 552.]