M. J. KELLY, RESPONDENT, v. N. LUNING, APPEL-
LANT.

STREET ASSESSMENTS — SAN FRANCISCO — INTERSECTIONS OF MONTGOMERY
AVENUE WITH OTHER STREETS. — The act of April 1, 1872, providing
for street work in the city and county of San Francisco, contains no pro-
vision for an assessment for work done on the spaces included within the
intersections of Montgomery Avenue and other streets.

ID. — ACT OF MARCH 19, 1878 — LEGISLATURE CANNOT LEGALIZE VOID AS-
SESSMENT. — The act of March 19, 1878, in so far as it purports to pro-
vide a mode of assessment against property owners for work previously
done on such spaces of intersections, is invalid.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and for an order re-
fusing a new trial.

The action was brought to foreclose the lien of a
street assessment, made under the street assessment law
of April 1, 1872, to cover the expense of certain work
done on Montgomery Avenue, in the city and county of
San Francisco. The work in question was done in April
and May, 1877, and consisted in paving the crossing of
Montgomery Avenue with Stockton and Green Streets,
and the assessment therefor was made on August 13,
1879. Montgomery Avenue runs diagonally across the

blocks lying in its course, and divides them into irregularly shaped or factional blocks, no two of which are similar. It crosses Stockton and Green Streets squarely at their intersection, forming the irregular space inclosed by the dotted lines shown in the diagram on the preceding page.

Section 8 of the act of April 1, 1872, provided, with great particularity of detail, for the instances in which assessments might be made, but did not provide for an assessment for work done on the intersection of streets such as the one in question. On the 19th of March, 1878, the legislature passed an act entitled "An act to ratify and confirm certain orders and resolutions of the board of supervisors of the city and county of San Francisco, relative to street work on Montgomery Avenue." Section 1 of this act ratified and confirmed all orders and resolutions theretofore made by the board of supervisors relative to. work done on Montgomery Avenue, and all contracts and assessments therefor. Section 2 of the act provided that the assessments for work done on the crossings or spaces formed by the junction or intersection of other streets with Montgomery Avenue should be made in conformity with the principles prescribed by law for making assessments for similar work done on Market Street in said city and county. Judgment was rendered in favor of the plaintiff, from which, and from an order refusing a new trial, the defendant appealed. The further facts are stated in the opinion.

*Langhorne & Miller,* for Appellant.

There is no provision in the act of April 1, 1872, authorizing assessments for work done on Montgomery Avenue crossings. (Act of April 1, 1872, secs. 8, 24, subd. 3, 4.) The act of March 19, 1878, purporting to legalize previous assessments made for such work, is inoperative to accomplish such result. (*People* v. *Goldtree,* 44 Cal. 323; *People* v. *Lynch,* 51 Cal. 15; 21 Am. Rep.

677; *Brady* v. *King*, 53 Cal. 44; *Schumacker* v. *Tober-man*, 56 Cal. 511.)

*J. M. Wood*, for Respondent.

The assessment in question was authorized. (Act of March 19, 1878.) The act authorizing the assessment is valid. (Cooley's Constitutional Limitation, 159–163; *Emery* v. *S. F. Gas Co.*, 28 Cal. 372; *Hancock* v. *Whittemore*, 50 Cal. 523; *Hewes* v. *Reis*, 40 Cal. 263; *Emery* v. *Bradford*, 29 Cal. 83.)

FOOTE, C.—This action was brought to foreclose the lien of a street assessment, levied under the act of 1872, upon certain lots on Montgomery Avenue, in the city and county of San Francisco.

At the time when the notice of intention on the part of the board of supervisors was given, no valid assessment could have been made, as the act of 1872 did not provide for any mode of assessment for work such as was done in the present instance. By a curative act, approved March 19, 1878 (Stats. 1877–78, pp. 341, 342), it was attempted to validate former assessments, and also to provide a mode of assessment for the work which had already been done.

But the property involved here, upon which the burden of paying for the work was attempted to be imposed, was not liable when the work was ordered. At that time the proceedings of the board of supervisors had no relation to it. That being the case, the legislature, by the act of 1878, *supra*, had no more power to order it to be assessed for that work than it had the power to order lots lying on the other side of the city of San Francisco to be assessed for such work.

We are of opinion that this case falls within the doctrine announced in *People* v. *Lynch*, 51 Cal. 23; 21 Am. Rep. 677; *Brady* v. *King*, 53 Cal. 45.

It follows that the judgment and order should be reversed and the action dismissed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are reversed and action dismissed.

Hearing in Bank denied.