CASE 74—PETITION EQUITY—JANUARY 30.

# Town of Bellevue v. Peacock, &c.

APPEAL FROM CAMPBELL CHANCERY COURT.

CONSTITUTIONAL LAW—RETROSPECTIVE LEGISLATION.—One who was never bound, either legally or equitably, can not have a demand created against him by mere legislative enactment. The Legislature can act retrospectively only for the purpose of furnishing a remedy for the enforcement of some pre-existing legal or equitable right or duty, and not for the purpose of creating such right or duty.

A town entered into a contract for the improvement of a street, by the terms of which the contractors were to look for their pay to assessments upon the abutting property, both parties believing that the charter of the town conferred the power to impose the cost of the improvement upon the abutting property. This court having held that the charter of the town conferred no such power, the Legislature passed an act giving the town a lien upon the abutting property, for the benefit of the creditors, for the cost of the improvement. *Held*—That as no right whatever existed to look to the abutting lot-owners for payment, the act is unconstitutional.

JOHN S. DUCKER FOR APPELLANT.

1. Retrospective legislation is not prohibited by the Constitution. (Henderson & Nashville R. Co. v. Dickerson, 17 B. M., 176; Thornton v. McGrath, 1 Duv., 478; Cooley's Con. Lim., 4th ed., pp. 460, 479.)
2. Legislative acts validating invalid contracts are not unconstitutional when they go no further than to bind a party by a contract which he has attempted to enter into, but which was invalid, by reason of some personal inability on his part to make it; or, through neglect of some legal formality; or, in consequence of some ingredient in the contract forbidden by law. (Cooley's Con. Lim., pp. 463, 477; Town of Guilford v. Board of Supervisors, &c., 13 N. Y., 143; Brewster *et al.* v. City of Syracuse, &c., 19 N. Y., 116; Fullerton v. Bank of U. S., 1 Peters, 606; Thomas v. Leland, 24 Wend., 65; Jefferson City Gas Light Co. v. Clark, &c., 5 Otto, 644; City of Memphis v. U. S., 7 Otto, 293; Tallman v. Janesville, 17 Wis., 71; Grim v. Weisenberg School Dist., 57 Penn. St., 433; Mitchell v. Deeds, 49 Ill., 416; Lewis v. McElvain, 16 Ohio, 347; Trustees v. McCaughy, 2 Ohio, N. S., 155; Johnson v. Bentley, 16 Ohio, 97; Syracuse Bank v. Davis, 16 Barb., 188; Hess v. Werts., 4 S. & R., 361; Bleakney v. Bank of Greencastle, 17 S. & R., 64; Menges v. Wertman, 1 Penn.:

St., 218; Boyce v. Sinclair, 3 Bush, 264; Jefferson County v. People, 5 Neb., 136; Hasbrouck v. City of Milwaukee, 80 Am. Dec., 733; People *ex rel* Crowell v. Lawrence, 41 N. Y., 141.)

R. W. NELSON FOR APPELLEES.

Brief not in record.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

In 1875 the appellant, the town of Bellevue, entered into a contract with Hahn & Trapp for the improvement of a street, by the terms of which the latter were to look for their pay to assessments upon the abutting property only, save the cost of street intersections was to be paid by the town. Both parties to the contract then believed the charter of the town conferred the power to impose the cost of the improvement upon the abutting property. The assessments were to be collected in the name of the town. The work was properly done, and received by the town. Some of the abutting lot-owners failed to pay their assessments. The town sued to enforce their collection. This court held that the appellant's charter did not give the power to improve a street at the cost of the abutting lot-owners. (Doyle, &c., v. Trustees of Bellevue, 1 Ky. Law Rep., 168.) Hahn & Trapp then sued the town; but this court, after express allusion to the fact that they had agreed they would not, *in any event*, look to the town, save for the cost of the intersections, and which had been paid, decided that no implied promise arose upon the part of the appellant to pay for the work, because of the non-liability of the lot-owners. (Trustees of Bellevue v. Hahn, &c., 82 Ky., 1.) February 14, 1888, the

Legislature, by what may be termed an attempted healing act, sought to validate the contract between Hahn & Trapp and the town by giving to the latter a lien for the benefit of the former upon the lots abutting the improvement, *pro rata* for the assessment, and providing for the enforcement thereof in the event of non-payment by the owners. The appellees, Peacock and Thee, are two of them. Failing to pay, by consent of parties the one action was brought against them.

It having been decided below upon demurrer to the petition, its averments as amended must be taken as true. From them it appears that Thee was the owner of his lot, and has been ever since the making of the contract between the town and Hahn & Trapp. Peacock purchased his, however, since then, and since the decision of this court holding that the lot-owner was not liable, but with knowledge that Hahn & Trapp made the improvement, and had never been paid for it. The validity of the act is involved. It must be borne in mind that it does not impose upon *the town* the payment of a just claim for which an equivalent has been received, but which, owing to some irregularity or omission in the proceeding creating it, can not otherwise be enforced at law. Such a case would be very different from that now presented. Undoubtedly, the claim is a just one as against the town. It has received a full equivalent, and that natural obligation which rests upon all persons, whether acting collectively or individually, to do right and deal fairly, should prompt it to see that this debt is paid. This act does not, however, look to payment by the town. It is not an enabling one for that purpose.

Our State Constitution does not forbid retrospective legislation *eo nomine*, and there is no doubt the Legislature has the power to pass a law which reaches back and changes or modifies the effect of a prior transaction, if there be no other objection to it than its retrospective character. If it merely aid in the enforcement of an existing obligation, and divests no vested right, it is not open to constitutional objection.

Cooley, quoting from an approved case, says: "A law, although it be retrospective, if conformable to entire justice, this court has repeatedly decided is to be recognized and enforced."

Again: "On the same principle legislative acts validating invalid contracts have been sustained. When these acts go no farther than to bind a party by a contract which he has attempted to enter into, but which was invalid by reason of some personal inability on his part to make it, or through neglect of some legal formality, or in consequence of some ingredient in the contract forbidden by law, the question which they suggest is one of policy, and not of constitutional power." (Cooley on Constitutional Limitations, pp. 372-4.)

Thus a statute imposing a tax for and directing payment of a claim against a city is not invalid or unconstitutional, because the claim is not recognized by the law as a legal obligation; and it has been declared that a Legislature may compel a municipal corporation to recognize and pay a claim not binding in strict law, and which, for technical reasons, can not be enforced in equity, but which is, nevertheless, just and equitable in character, and supported by

moral obligation. (Hasbrouck v. City of Milwaukee, 80 Am. Dec., p. 733.)

This rule is, however, to be carefully restricted to the original contracting parties, and such others as may have succeeded to their rights with no greater equities; and Mr. Cooley says, on page 369 of the work just cited: "So he who was never bound, either legally or equitably, can not have a demand created against him by mere legislative enactment."

The statute now in question is not merely remedial in its character. When the contract was made for the improvement of the street no right existed to look to the abutting lot-owner for payment. By the general law he was not liable. The statute alone in such a case creates his liability. If A or B, subsequent to the improvement, purchased lots adjoining it, their property would certainly not be liable for its cost in the absence of a statute so providing; and this is equally true, although the purchase was made with knowledge that the party making the improvement had not been paid. Especially would this be so if the highest judicial authority of the jurisdiction had already held that the property was not liable. It is equally true that a person who owned an abutting lot when the contract for the improvement was made, and yet owns it, may defend against the statute in question. When the contract was entered into the town had no authority, express or implied, to bind his property for the cost of the improvement, and when the statute, by virtue of which relief is now asked, was enacted, there was no pre-existing right as against him, or to look to his property. In short, the Legislature, by

.this act, has attempted to afford a remedy against a party as to whom no right, legal or equitable, existed.

It was said in the case of Hasbrouck v. City of Milwaukee, *supra:* "It (the Legislature) would, of its own mere motion, create an obligation where, by law, none before existed. It would impose a liability against the will and without the consent of the party to be charged. This the Legislature can not do. It can only act retrospectively for the purpose of furnishing a remedy for or removing an impediment in the way of the enforcement of some pre-existing legal or equitable right or duty, and not for the purpose of creating such right or duty."

If legal or equitable rights or obligations have arisen between the parties to a transaction, have grown up out of their previous lawful acts, and exist independently of some want of formality or irregularity which prevents their enforcement, then the Legislature may provide a remedy, but it can not provide for the enforcement of a non-existing right.

The statute in question was, no doubt, enacted through a laudable legislative desire that justice should be done, and for this reason, as well as the fact that manifest justice would be done by paying the parties who made the improvement, we would gladly uphold it if consistent with our sworn duty.

Not being so, and the views of the lower court being in accord with those above expressed, its judgment is affirmed.