PHELPS MONTGOMERY *vs.* THE TOWN OF BRANFORD.

* First Judicial District, Hartford, March Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Misjoinder or nonjoinder of parties cannot be attacked by plea in abatement; under the Practice Book, p. 295, § 224, the exclusive remedy is by motion.

In an appeal from a board of relief the town is a proper and necessary party defendant.

Under § 1134 of the General Statutes any interest in real estate is taxable only against the record owner which means the owner of the freehold or fee and not the owner of a leasehold interest.

A lease for nine hundred and ninety-nine years is regarded in this jurisdiction as being virtually a conveyance of the fee and the land is therefore taxable against the lessee; but not a lease for sixty-four years, which does not create any interest in the land as such but merely gives a right to use it.

The plaintiff appealed from the action of the board of relief of Branford in placing in his tax list certain real estate owned by the First Ecclesiastical Society, which was leased by it for a period of ninety-nine years and later subleased for the term of sixty-four years to T, who assigned his interest to the plaintiff. The defendant claimed that, inasmuch as the land was acquired for religious and charitable purposes at a time when a statute of 1702, forever exempting such property from taxation, was in force, it could not be taxed against the Society without violating the contractual obligation thus assumed by the State. *Held* that whatever the effect of the statute might be as between the Society and the defendant, it was *res inter alios* in the present case.

The defendant further claimed that as assignee of the sublease, the plaintiff was bound by the covenant of the original lease "to pay all taxes to said Society that said Society may or shall be obliged to pay on said land"; and that as the property is no longer devoted to its authorized uses it is now taxable against the plaintiff. *Held* that this claim was without merit because, first, neither the sublease nor the assignment contained a covenant to reimburse the lessor for any payments of taxes; second, the statutory requirement of assessment against the record owner could not be varied or avoided by contract; and third, it did not appear that the provision in the original lease had been rendered effective by any assessment against the Society.

* Transferred from Third Judicial District.

Montgomery *v.* Branford.

Retroactive legislation should be sustained, both as a matter of right and of public policy, when its object and effect are to correct an innocent mistake, remedy a mischief, execute the intention of the parties and promote justice; but an act void at its inception because proceeding from a total want of power or authority, cannot be validated by a subsequent statute.

After the action of the board of relief in the present case, the General Assembly enacted § 22 of Chapter 325 of the Public Acts of 1927 which provided that "the assessment lists and grand lists of the town of Branford as prepared and finally completed by the board of assessors and board of relief of said town for the years 1917 to 1926, inclusive, are validated, notwithstanding that in said lists the land and buildings or either of them shall have been assessed against the lessees of the real estate as the record owners of said land and buildings, said property being held under a ninety-nine year lease and the original lease providing that all taxes assessed on said property shall be paid by the lessees, and all tax liens placed upon any of said property against said lessees are validated." *Held:*

1. That since the original assessment was wholly void as being in conflict with § 1134 of the General Statutes, and not merely imperfect or irregular, the Act which purported to validate it was likewise void.

2. That, while the General Assembly may exercise a wide latitude of discretion in the classification of property for taxation, it may not make a special exception which is arbitrary and unreasonable, having no basis in taste, policy, difference of situation or the like, and not operating uniformly within the class to which it applies; and that since a statute authorizing the assessments defined in this Validating Act would, for that reason, be opposed to the Constitutions of the United States (Fourteenth Amendment) and of Connecticut (§ 1 of Article First) the Act itself was also unconstitutional.

Argued March 8th—decided June 14th, 1928.

APPEAL by the plaintiff from the action of the board of relief of the town of Branford in placing certain property in his tax list, taken to the Superior Court in New Haven County where the plaintiff's demurrer to the defendant's plea in abatement was sustained (*Avery, J.*), the plaintiff's demurrer to the second and third defenses of the defendant's answer was sustained (*Ells, J.*) and the issues tried to the court (*Wolfe, J.*)

upon an agreed statement of facts; judgment for the plaintiff, and appeal by the defendant.   *No error.*

*Ernest L. Averill* and *Thomas R. Fitzsimmons,* for the appellant (defendant).

*John Elliott,* for the appellee (plaintiff).

*George E. Beers* argued the cause and filed a brief as *amicus curiae.*

WHEELER, C. J.   The material allegations of the plaintiff's application are as follows: On May 18th, 1926, and many years before, the First Ecclesiastical Society of Branford was the owner in fee of a tract of land in Branford. On this date the plaintiff was the possessor of a leasehold interest in this land by virtue of a lease from Averill to Tyler made in 1903 and assigned by Tyler to plaintiff on July 2d, 1908, and he had no other interest or estate in this land. On May 18th, 1926, the board of relief of Branford, purporting to act under authority of Chapter 207 of the Public Acts of 1923, unlawfully made a supplemental list for plaintiff and set this land in such list at $3,000, adding thereto ten per cent for his failure to include it in his list.

This land did not on this date stand in the town records of Branford in the name of the plaintiff but in that of the Society. The plaintiff further alleged that this supplemental list and assessment were unlawful and prayed for such relief as he was entitled to under the statute.

To this application defendant filed a plea in abatement that the board of relief had not been summoned to appear and defend, that service had not been made upon its members but on the defendant town, and that the board of relief, acting under Chapter 207 of the

Public Acts of 1923, are not agents of the town. The plaintiff demurred to the plea upon the ground that the proper remedy for a nonjoinder of necessary parties was by motion, and not by plea in abatement. The demurrer was properly sustained; the exclusive remedy for misjoinder or nonjoinder is by motion. Rules of Superior Court, Practice Book, p. 295, § 224. Plaintiff further argues that the statutory right of appeal from the doings of the board of relief expressly provides that the town shall be cited in, General Statutes, §1240, and that the same right of appeal is given by Chapter 207 of the Public Acts of 1923. The contention is sound. The board of relief is an administrative body, and the Act of 1923 neither imposes new duties upon it, nor makes of it a new or independent body. *State ex rel. Foote* v. *Bartholemew,* 103 Conn. 607, 613, 132 Atl. 30; *Ives* v. *Goshen,* 65 Conn. 456, 32 Atl. 932. A reference to the many cases adjudicated since *Ives* v. *Goshen, supra,* discloses the uniform practice of citing in the town or city in all appeals from the board of relief. The town was a proper and necessary party defendant.

The second defense of the answer further alleged: that the First Ecclesiastical Society of Branford and its predecessors acquired the land in question for the purpose of maintaining a ministry of the gospel and for public and charitable uses while the statute of 1702 was in effect and under a contract from the State that the land should be exempt from taxation as against the Society forever; that since its acquisition the Society has devoted all funds derived from the use of the land to the purpose for which it was acquired and that it leased this land on September 5th, 1866, to Leggat for a term of ninety-nine years from March 1st, 1868, who agreed to pay all taxes assessed thereon; that on July 1st, 1908, the plaintiff became a sublessee of the land

described subject to all the provisions of the lease to Leggat including the payment of all taxes which might be assessed against this land and that since the land was devoted to other uses than those for which the Society was authorized to use the land, it became taxable against the plaintiff as lessee, who derives the whole benefit from its use.

The third defense made all the allegations of the second defense a part of it and further alleged that if the Society had been assessed for this land the defendant would have been under a contractual obligation to repay the tax, and that the plaintiff is not aggrieved by the same tax assessed against him directly.

The plaintiff demurred to these defenses because: It appears that the land stood on the land records in the name of the Society, and not in the name of the plaintiff, a sublessee; that the board of relief set the premises in the list of the plaintiff in violation of §1134 of the General Statutes; that it does not appear that any taxes have been assessed against the Society which it is alleged plaintiff is under contract to refund, and further that it does not appear that there is any privity of contract or any right of subrogation between the defendant and the Society under which the defendant can assess taxes against the plaintiff.

General Statutes, §1134, is explicit. "Any interest in real estate listed for taxation shall be set by the assessors in the list of the party in whose name the title to such interest stands on the land records of the town in which such real estate is situated; but nothing in this section shall affect the provisions of section 1133." Our decisions have interpreted the record owner to mean the freehold or fee owner. Leased land can only be assessed against the lessor, the freehold owner. *Comstock* v. *Waterford,* 85 Conn. 6, 81 Atl. 1059; *Sanford's Appeal,* 75 Conn. 590, 54 Atl. 739; *State ex rel.*

*Foote* v. *Bartholemew,* 103 Conn. 607, 132 Atl. 30; *State* v. *Erickson,* 104 Conn. 542, 133 Atl. 683. The lease of Tyler to the plaintiff was for sixty-four years from 1903. We held in *Sanford's Appeal,* 75 Conn. 590, 592, 54 Atl. 739, that a leasehold interest for forty years was not taxable under §1134. In *Russell* v. *New Haven,* 51 Conn. 259, we held that a lease for sixty years for an "annual ground rent" did not render the lessee taxable on the land, but that the house he had erected thereon was taxable in his name.

Leases for nine hundred and ninety-nine years we have held to be practical conveyances of the fee and taxable against the lessee as owner. *Dennis' Appeal,* 72 Conn. 369, 373, 44 Atl. 544; *Goodwin* v. *Goodwin,* 33 Conn. 314, 318; *Flannery* v. *Rohrmayer,* 49 Conn. 27, 28. The Tyler lease for sixty-four years was not taxable against the plaintiff as conveying an interest in land. It did not convey the fee, nor create in the plaintiff a freehold interest, nor indeed any interest in the land as such; it merely gave a right to use the land.

The allegation of the second defense that the Society under the contract alleged to exist between it and the State in virtue of the statute of 1702, is exempt from taxation, can form no part of any real defense to this action. Whether it would have been material in an appeal from an assessment by the town against it we do not express an opinion upon. As to the action by this plaintiff it is manifestly *res inter alios.*

The further allegation of this defense that Leggat, the lessee from the Society, agreed by his lease to "pay all taxes to said Society that said Society may or shall be obliged to pay on said land," and that through Tyler, sublessee through intermediate leases from Leggat, the plaintiff became a sublessee and subject to the provisions of the Society's lease to Leggat, and therefore when the land was devoted to uses other than

those the Society was authorized to use, it became taxable against the plaintiff is a *non sequitur*. The lease to Tyler did not provide that the lessee should pay the taxes, nor did the assignment from Tyler to the plaintiff obligate the plaintiff to reimburse Tyler for the tax, nor to pay the taxes, which might be assessed against this land. The Society could not by contract avoid the statutory requirement that the real estate standing in its name of record should be assessed against the record owner, although it might by special agreement render the lessee liable to it. 3 Cooley on Taxation, (4th Ed.) §1261. Neither does it appear that any taxes have been assessed upon this land against the Society so that this provision of the lease to Leggat has not yet become effective. These grounds sufficiently dispose of the second defense. The third defense comprises the allegations of the second defense together with allegations that if the defendant had assessed the Society for this land the plaintiff would have been under contractual obligation to repay the tax and that plaintiff is not aggrieved by having this tax assessed against him directly. The discussion of the second defense has sufficiently answered these additional allegations. The plaintiff did not by his lease obligate himself to pay taxes assessed against the Society, and if it had, none have been as yet assessed against the Society. The town can assess such taxes as the law authorizes; the contracts of private parties cannot vary the authorization of the law. No facts are alleged in the defense to indicate any right in the Society, by assignment or subrogation, by which the Society can legally claim a reimbursement of taxes assessed against it.

The parties thereafter stipulated as to the material facts involved, and the trial court, for the purposes of the appeal, finds the facts as thus stipulated: The First

Ecclesiastical Society is the record owner in fee of the land which the board of relief of Branford on May 18th, 1926, set in the supplemental list of the plaintiff. The Society leased a tract of land in 1866 to Leggat. After sundry intermediate leases Averill leased to Tyler a part of this land. All of these leases, except that to Tyler, contained a provision that the lessee should pay all taxes which might be assessed against the Society upon the land leased. Tyler assigned the lease to him to the plaintiff whose only interest under the assignment was the leasehold so assigned. The defendant town has assessed no taxes against the Society on the list of 1925, or on that of any other year. The plaintiff did not give in to the assessors a list of this land in 1925, or for any other year, and the assessors have never put it in his list.

The disposition of the demurrer to the second and third defenses leaves a single question for our consideration—whether §22 of Chapter 325 of the Public Acts of 1927 validated the doings of the board of relief in placing plaintiff's leasehold interest in the supplemental list. Section 22 reads as follows: "The assessment lists and the grand lists of the town of Branford as prepared and finally completed by the board of assessors and board of relief of said town for the years 1917, 1918, 1919, 1920, 1921, 1922, 1923, 1924, 1925 and 1926 are validated notwithstanding that in said lists the land and buildings or either of them shall have been assessed against the lessees of the real estate as the record owners of said land and buildings; said property being held under a ninety-nine year lease and the original lease providing that all taxes assessed on said property shall be paid by the lessees, and all tax liens placed upon any of said property against said lessees are validated." This statute is expressly retroactive; that does not invalidate it. "When a

statute is expressly retroactive, and the object and effect of it is to correct an innocent mistake, remedy a mischief, execute the intention of the parties, and promote justice, then, both as a matter of right and of public policy affecting the peace and welfare of the community, the law should be sustained." *Mechanics & W. M. Mut. Savings Bank* v. *Allen,* 28 Conn. 97, 102; *Atkins* v. *Nichols,* 51 Conn. 513, 520.

But a statute cannot act retrospectively except for the purposes stated or so as to validate a tax assessment which was void when made. General Statutes, §1134, as interpreted by our decisions, as we have seen, gave the town of Branford the right to list for taxation the real estate against the freehold owner and prohibited it from listing it for taxation against the plaintiff lessee, hence the listing of it against the plaintiff was a void proceeding. Curative acts cannot cure a want of authority to act at all. An application of this principle is found in *Shay's Appeal,* 51 Conn. 162. A husband had made improvements on his wife's land. The law presumed that he intended it as a gift. The terms of a statute enacted later were broad enough to include improvements made prior to the passage of the Act. In holding the Act incapable of applying to improvements made before its passage, we said: "But mere legislative enactment can never create a demand against a party who was not bound before, either legally or equitably. . . . There was then no possible remedy for the husband independently of the statute. These improvements anterior to the statute vested immediately in the wife and became a part of her estate. The effect of the Act in question, if construed as claimed, would be to divest the property, and that too upon a consideration altogether past and gone."

Where a board of assessors was without authority to make an assessment in the absence of an apportion-

ment by commissioners of public works, it was claimed that if the assessment was invalid it was cured by a subsequent statute. The Court of Appeals of New York held: "There was a total want of power in the board of assessors to make any assessment in the absence of an apportionment by the commissioner of public works," and therefore the Act was ineffective to cure the defect. *Hagner* v. *Hall,* 10 N. Y. App. Div. 581, 589, affirmed, 159 N. Y. 552, 54 N. E. 1092; *Matter of Second Avenue M. E. Church,* 66 N. Y. 395, 400. In a case where a statute had, in terms at least, validated a void proceeding, the Supreme Court of Oregon held: "The legislature may cure . . . irregularities and imperfections in tax proceedings, but it cannot infuse life into an utterly void proceeding, or take the property of one person and transfer it to another." *Ferguson* v. *Kaboth,* 43 Ore. 414, 421, 73 Pac. 200, 74 id. 466; *Bellevue* v. *Peacock,* 89 Ky. 495, 499, 12 S. W. 1042; *Kelly* v. *Luning,* 76 Cal. 309, 311, 18 Pac. 335; *People* v. *Goldtree,* 44 Cal. 323, 325; *Great Northern Ry. Co.* v. *Grand Forks County,* 38 N. D. 1, 9, 164 N. W. 320; *Orlando* v. *Giles,* 51 Fla. 422, 437, 40 So. 834; *Forster* v. *Forster,* 129 Mass. 559.

Cooley on Taxation (4th Ed.) Vol. 4, §1590, at page 3128, thus states the law: "Where, however, the town proceeds to levy a tax without authority, the case is different; it is then proceeding *in invitum* against individuals who would be entitled, if the proceedings were legal, to have notice and be heard in various stages. If the proceedings are unauthorized by law, no one is legally or morally bound to take notice of them, or can have a legal hearing in respect to them, and a retrospective affirmance would, in effect, establish valid claims without opportunity to be heard. It is not believed this is competent."

The appeal must be sustained upon a further ground.

A statute will not be permitted to act retrospectively so as to validate what was before void because in conflict with State or Federal constitution. Our General Assembly was without power to validate what it could not constitutionally authorize. Of a statute purporting to validate a tax lien we say: "The test of the validity of this Act is whether the General Assembly might, by a prior law, have provided for the validity of a lien on the real estate as to the amount of the tax assessed against it." *Whittelsey Co.* v. *Windsor Locks*, 90 Conn. 312, 315, 97 Atl. 316; *Kimball* v. *Rosendale*, 42 Wis. 407, 413; 2 Cooley's Constitutional Limitations (8th Ed.) 775, 791; *State Finance Co.* v. *Bowdlé*, 16 N. D. 193, 112 N. W. 76. The legislature may create new forms of taxation, subject only to constitutional prohibition. Whether it may by way of a Validating Act create a new form of taxation and authorize its assessments under a tax already imposed is not our present problem. The Validating Act does not purport to create a new form of taxation on land against one who is neither the legal nor the equitable owner. The General Assembly attempts by this Act to validate the assessment lists and the grand lists of Branford in so far as they may contain lands and buildings which have been assessed against lessees of real estate holding under a ninety-nine year lease as the record owners when the original lease provides that all taxes assessed on said property shall be paid by the lessees. Legislative classification of property for taxation for the purposes of legislation may, within constitutional limits, exercise a wide latitude of discretion. "But," Mr. Justice Pitney wrote in *Royster Guano Co.* v. *Virginia*, 253 U. S. 412, 415, 40 Sup. Ct. 560, "the classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legis-

lation, so that all persons similarly circumstanced shall be treated alike." This Validating Act limits the classification to leases of a designated tenure. And to those only in Branford. A lease in tenure below, as well as one above, ninety-nine years, is excluded from the classification. The classification is not between any classes of leases throughout the State, or even in Branford. Neither is it based on differences between different kinds of property or between owners in different situations. Neither taste, policy, difference of situation, or the like, or in fact any reason, is apparent in the classification made. A special exception is made but without basis for its support. The Validating Act selects leasehold interests in one town and establishes for them a measure of taxation upon the value of the land and not the leasehold interest, when all other land under lease is taxed against its owner. This, unquestionably, is class legislation. The taxation of a class must apply to all within the class, be uniform in its operation, reasonable and not arbitrary. *Walp* v. *Mooar,* 76 Conn. 515, 521, 522, 57 Atl. 277. The General Assembly was without power to validate a tax which is class legislation. *State* v. *Travelers Ins. Co.,* 73 Conn. 255, 47 Atl. 299. Clearly §22 of the Validating Act, because it is class legislation, denies to these lessees the "equal protection of the laws" required by the Fourteenth Amendment of the Constitution of the United States, and is in conflict with §1 of Article First of our State Constitution which guarantees equality in rights to these lessees.

These conclusions make unnecessary consideration of other claimed constitutional violations found in this Act.

There is no error.

In this opinion the other judges concurred.