[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal raises the related questions whether an appeal from assessment of taxes under 12-119 of the General Statutes should name the tax assessor or the municipality itself as a defendant, whether service upon the assessor is sufficient to properly commence the appeal, and whether the granting of a motion to cite in the town as a defendant cures these jurisdictional problems.
This appeal has had an unusual procedural history. The appeal was taken on March 20, 1990 to challenge the assessment of the plaintiff's property on List of October 1, 1989. Three documents were personally served upon the Tax Assessor of the Town of Monroe. No other official of the town was served. The appeal papers CT Page 10122 consisted of the standard cover sheet for civil actions (form JD-CV-1), a document entitled "Application" which amounts to the customary written form of appeal used in administrative appeals, and the written citation.
While frequently used in administrative appeals, 49 of the Practice Book specifically prohibits the use of form JD-CV-1 when commencing an administrative appeal. The only named defendant on that form here is the Tax Assessor of the Town of Monroe; the town itself is not named as a defendant. However, the form can be considered surplusage and disregarded, provided the "application" (appeal) and citation name the proper parties and were properly served, and comply with the other procedural requirements for commencement of a tax appeal.
The application (appeal) states that the plaintiff is "applying for relief against a wrongful assessment on their property for taxation by the assessor of the Town of Monroe", and again the only named defendant in the caption of the case is the Tax Assessor of the Town of Monroe. Paragraph four of the appeal states that the tax on the assessment of the property "was manifestly excessive and could not have been arrived at except by disregarding the statutes for determining the valuation of such property." This tracks the phrasing of 12-119 of the General Statutes which covers the situation where property is wrongfully assessed. While a claim of mere overvaluation of property requires an appeal from the assessment to the Board of Tax Review, followed by an appeal to the Superior Court under 12-118, the limited remedy of a direct appeal to the Superior Court under 12-119
applies where the taxpayer claims a clear and flagrant disregard of the statutory provisions for the assessment of property. Second Stone Ridge Cooperative Corporation v. City of Bridgeport,220 Conn. 335, 340. The plaintiff previously brought a separate appeal under 12-118. Since this appeal is taken only under 12-119 and is limited to the assessment list of October 1, 1989, it was commenced within the one year statute of limitations in that statute. In addition the one year time limit in 12-119 is not jurisdictional and must be raised by the municipality as a defense. Wilson v. Kelley, 224 Conn. 110, 123. This appeal is not barred by the statute of limitations. However, the appeal only applies to the October 1, 1989 list and not to prior years. Norwich v. Lebanon, 193 Conn. 342, 348, 349.
As previously noted, the caption of the case and the appeal itself refers to the defendant as the Tax Assessor of the Town of CT Page 10123 Monroe and not the town itself. However, the citation itself directs the officer serving the appeal "to summon the Town of Monroe to appear before the Superior Court" . . . "to answer unto the foregoing application" of the plaintiff. In appeals from administrative decisions, the failure to include the name of a necessary party or defendant in the citation is a jurisdictional defect that makes the appeal subject to dismissal. Southern New England Telephone Co. v. Board of Tax Review, 31 Conn. App. 155,160, citing Simko v. Zoning Board of Appeals, 205 Conn. 413, 419, aff'd, 206 Conn. 374. See also Elm City Manufacturing Jewelers, Inc. v. North Haven Board of Tax Review, 9 Conn. L. Rptr. 484, 8 Conn. Super. Ct. Rpts. 893 (1993) (Thompson, J.). In an administrative appeal it is the citation which is critical in determining whether the court has subject matter jurisdiction and jurisdiction over the proper defendant. Simko v. Zoning Board of Appeals, 205 Conn. at 420; Village Creek Home Owners Ass'n. v. Public Utilities Commission, 148 Conn. 336, 339. In Montgomery v. Branford, 107 Conn. 697, 700, it was held that in an appeal under12-118 the town is the proper and necessary defendant rather than the board of relief (predecessor to the board of tax review); see also B G. Realty, Inc. v. Windsor Locks, 4 Conn. L. Rptr. 636
(1991). This is based on the fact that 12-118 expressly provides that the town shall be cited in, and because the board of tax review as an administrative agency of the town is not a legal entity independent of the town itself. Montgomery v. Branford, supra, 700. A municipality, when exercising its powers of property taxation, acts pursuant to statutory authority from the state. While it acts through its officers, employees, boards and commissions, an official such as the tax assessor is not a separate legal entity and is not the proper defendant. Even though 12-119, unlike 12-118 (now 12-117a), does not expressly require a citation to the town as a defendant, it is the proper defendant and must be named in the citation. The citation here refers to the Town of Monroe rather than its assessor, and it is immaterial whether this occurred intentionally or by accident. Under the circumstances, the legal effect of the granting of a motion to cite in the town as a defendant is academic.
If the town had not been named in the citation the appeal would be defective and would have to be dismissed. Southern New England Telephone Co. v. Board of Tax Review, supra, 160, 162. Since the plaintiff named the town itself rather than the tax assessor in the citation, the sheriff was required to serve the town, not the assessor, as required by statute. The defendants claim that the appeal is defective because the town was not CT Page 10124 properly served. Even though the correct defendant is named and referred to in the citation, service of process upon someone other than that defendant in the manner specified by statute is inadequate service to confer jurisdiction upon the court, and is not curable by an amendment of the sheriff's return. Hyde v. Richard, 145 Conn. 24, 26; Borough of Newtown v. Department of Public Utilities Control, 3 Conn. App. 416, 419. In an action against the town the appeal must be served upon the town clerk, assistant town clerk, town manager or one of its selectman. Section 52-57(b)(1) C.G.S. The assessor is not a proper officer for service of an action against a town. This problem is not overcome by the plaintiff's argument that the tax assessor can be sued under 12-119 for wrongful assessment of property. While the court disagrees with that claim of the plaintiff, even if it were correct the tax assessor is not named in the citation, which is a jurisdictional defect even though the sheriff actually served the appeal upon the tax assessor. Simko v. Zoning Board of Appeals,205 Conn. at 420, 421, 206 Conn. at 383; Southern New England Telephone Co. v. Board of Tax Review, supra, 162.
Notwithstanding the procedural mistakes, this appeal will survive. Service of the wrong officer or official in an action against the town is insufficiency of service of process under 143(5) of the Practice Book, and goes to personal rather than subject matter jurisdiction. An appearance was filed by the defendant in April 1990 and an answer was filed in September 1992. In order to challenge personal jurisdiction on grounds of insufficiency of service of process, the defendant must file a motion to dismiss within 30 days of filing an appearance. Sections 142 and 144, Connecticut Practice Book. Moreover, the filing of an answer is a waiver of the right to file a motion to dismiss under 112 and 113 of the Practice Book, except to raise a claim of lack of subject matter jurisdiction. Section 145, Connecticut Practice Book.
Despite the procedural irregularities here, the court has jurisdiction over this appeal.
ROBERT A. FULLER, JUDGE