COUNTY OF MORRISON *vs.* ST. PAUL & NORTHERN PACIFIC RAILWAY COMPANY.

February 7, 1890.

**Taxes—Contents of Case Certified.**—In certifying to this court, under Gen. St. 1878, *c.* 11, § 80, proceedings for the enforcement of delinquent taxes, the trial judge should state what points he certifies up, and make a statement of the facts established bearing upon such points, together with his decision or conclusion.

**Same — Railway Lands Reserved and Sold by State.** — The "railroad land-grant" lands reserved and retained by the state, and subsequently sold by it, pursuant to the provisions of Sp. Laws 1877, c. 201, § 9, are subject to taxation in the hands of the grantees of the state; and no one but the United States can raise the question of the authority of the state to dispose of these lands for the purposes expressed in the act referred to.

Case certified from the district court for Morrison county, by *Searle,* J., in proceedings to enforce delinquent real-estate taxes.

*Moses E. Clapp,* Attorney General, and *Frank Lyon,* for plaintiff.

*Oscar Taylor,* for defendant.

MITCHELL, J.    These proceedings were attempted to be certified to this court pursuant to Gen. St. 1878, *c.* 11, § 80, but, in our opinion, the certificate of the trial judge is wholly insufficient.    The statute referred to provides that, upon the application of the party against whom the court shall have decided the point raised by any defence or objection, (to the tax,) the court may, if in its opinion the point is of great public importance or likely to arise frequently, *"make a brief statement of the facts established bearing on the point and of its decision,* and forthwith transmit the same to the clerk of the supreme court."    This clearly implies that the judge shall state what point or points he certifies up for our opinion, and as clearly requires that he shall make a statement of the *facts* established bearing upon the point thus certified up, and of his decision or conclusion based upon such facts.    *County of Ramsey* v. *Chicago, Mil. & St. Paul Ry. Co.,* 33 Minn. 537, (24 N. W. Rep. 313.)    Except as to points thus certified up, the judgment of the district court is final.    In the present proceedings the judge nowhere states what points he certifies up, or what his own decision was, except that in one place he states, by way of recital merely, that a decision had been made and filed "sustaining the taxes."    What is called a "statement of the facts established" is a mere statement of certain items of evidence introduced, and of certain admissions made on the trial; and even this is not certified to contain all the evidence.    Upon such a record, we could very properly, and probably ought to, decline to entertain the case at all; but, as both parties express a desire to have it decided whether these lands are subject to taxation in the hands of the St. Paul & Northern Pacific Railway Company, the present owner, and as this is a question of public importance, we will (without wishing the practice to be considered a precedent) consider that question, upon the assumption that the record before us presents all the facts.

The lands in question were a part of the "railroad land-grant lands" which were reserved and retained by the state by Sp. Laws 1877, *c.* 201, § 9, for the payment of claims incurred in the construction of the lines from Watab to Brainerd and from Crookston to St. Vincent.

See *Western R. Co.* v. *De Graff*, 27 Minn. 1, (6 N. W. Rep. 341.)   In pursuance of the provisions of this act, the lands were sold and conveyed by the state to Benjamin B. Eaton, and by Eaton to C. A. De Graff, and by De Graff to St. Paul & Northern Pacific Railway Company, which now claims that the lands are exempt from taxation.   It is difficult to see on what possible ground such a claim can be seriously urged.   The state in selling these lands certainly never contracted that they should be exempt from taxation in the hands of the grantees.   They were undoubtedly taxable in the hands of Eaton, the immediate grantee of the state, and they cannot be any the less so now because subsequently purchased by a railroad company, unless held and appropriated by it to the proper purposes of the corporation in the construction and operation of its railroad, in which case commuted taxation in the form of a percentage on its gross earnings would apply.   There is no claim, however, that these lands are held or used for any such purpose.   The railway company, however, contends that as the lands in question were granted by the United States to the state, for the purpose of aiding in the construction of certain lines of railway, the state had no authority to dispose of them for the purposes expressed in the ninth section of the act of 1877.   But as was held in *Western R. Co.* v. *De Graff*, *supra*, the railway company is not in a position to raise this question.   No one but the United States can complain that the conditions subsequent annexed to the grant to the state have not been complied with or have been violated. The contention of the company is suicidal, for the only title it has to these lands is derived from this sale of the state to Eaton.   Whatever rights it has to the land grant formerly held by the St. Paul & Pacific Railway Company flow from the same act of 1877, by the seventh section of which the privileges and grants it conferred were expressly "subject, however, to the exceptions, limitations, terms, and conditions hereinafter mentioned," and by the ninth section these lands were expressly reserved and retained by the state.

Affirmed, without prejudice to the right of the St. Paul & Northern Pacific Railway Company to apply to the court below for another certificate.