(Opinion published 52 N. W. Rep. 42.)

STATE OF MINNESOTA *vs.* ST. CROIX BOOM CORPORATION.

Argued April 25, 1892. Decided May 3, 1892.

**Practice—Certifying up Tax Case.**—In certifying to this court proceedings for the enforcement of delinquent taxes, under 1878 G. S. ch. 11, § 80, the trial judge should state what points he certifies up. Following *County of Morrison* v. *St. Paul & N. P. Ry. Co.*, 42 Minn. 451.

Statement of facts made by the District Court of Washington County, *Williston*, J., March 17, 1892, on application of St. Croix Boom Corporation, in proceedings to enforce payment of delinquent taxes on its personal property for the year 1887.

The St. Croix Boom Corporation was assessed on its capital stock and franchises for the year 1887, in the Township of Stillwater, and

also in the City of Stillwater. The township and the city are separate and distinct political organizations. With these two assessments standing against it, and both municipal organizations claiming the right to tax the corporation on its capital stock, the Boom Co. applied to the County Commissioners, and requested that Board to determine in which place its property should be listed and taxed. 1878 G. S. ch. 11, § 14. The Board failed to make any determination, and the corporation was taxed in both. It paid the tax in the Township, and refused to pay in the City. On March 1, 1888, a penalty of ten per cent. was added to the tax in the City, and on April 1, 1888, the County Treasurer filed with the Clerk of the District Court of Washington County a certified list of delinquent personal property taxes, including the tax against the Boom Co. The Clerk issued his warrant to the Sheriff to collect this tax. The Sheriff made return June 1, 1888, that he was unable to collect it. The list of unpaid personal property taxes was then revised by the Board of County Commissioners, and on August 3, 1888, the County Auditor filed a copy of the revised list with the Clerk of that Court. By this it appeared that $879.56 tax and $87.96 penalty remained unpaid. The Clerk, on August 11, 1888, issued a citation to the Boom Co. requiring it to appear at the next term of the District Court and show cause why judgment should not be entered against it for this tax, penalty, and costs. It appeared and answered, stating the double taxation, and that it had paid in the Township. The County Attorney and the Boom Co. stipulated as to the facts, and the court held that the Boom Co. had its principal place of business in the City, and was taxable there, and not in the Township, and ordered judgment against it for the tax in the City, with penalty and costs, saying:

"The principal office or place of business of a corporation is the place where the governing power of the corporation is exercised, where the plans for the conduct of its business operations are formed, and the manner in which such plans are to be executed are directed, where the meetings of its stockholders are held, its officers elected, its corporate seal kept; and where the meetings of its board of directors are held, the seat of the intellectual, as distinguished from

the physical, power of the body is located, that is, in a sense, its place of residence, and the place where its personal property is properly listed for taxation and taxed."

Judgment was entered December 16, 1891, that the State of Minnesota recover of the St. Croix Boom Corporation $971.97. On January 29, 1892, the Boom Co. obtained from the Clerk of the District Court a certified copy of the entire record in that court, and on March 17, 1892, obtained from the Judge a certificate that in his opinion the points raised in the proceeding were of great public importance, and likely to arise frequently. The court also certified that the clerk's copy of the record contained a brief statement of the facts established bearing on the points decided, and that it also contained all the evidence given upon the trial, and all the questions raised and passed upon in the proceeding. This certified copy, with the certificate of the Judge indorsed thereon, was then filed in this court, and was the only statement of facts filed here under 1878 G. S. ch. 11, § 80. Both parties assumed that this section applied to judgments for personal taxes under 1878 G. S. ch. 11, § 60, as well as judgments under § 79. *County of Washington* v. *German American Bank*, 28 Minn. 360; *State* v. *Jones*, 24 Minn. 86. Neither party mentioned or discussed the form of the statement transmitted from the District Court.

*J. N. Castle*, for appellant.

The court had no right to determine the question as to where the personal property of the Boom Co. was taxable. 1878 G. S. ch. 11, § 14. The question where personal property should be listed and taxed must be determined by the Board of County Commissioners in a proceeding where all parties and political subdivisions of the county that are interested may be heard. The Township of Stillwater had no opportunity to be heard in this action in the District Court. It had a right to be heard and to maintain its rights to its share of the taxes derived by an assessment upon the personal property of the defendant in its own township. When the proceedings are taken before the Board, each town and city has an opportunity to be heard, and, when a decision is once made, it operates as an adjudication in

the matter, and concludes all parties interested. *People v. McCarthy,* 102 N. Y. 630; *Williams* v. *Saginaw,* 51 Mich. 120; *State Railroad Tax Cases,* 92 U. S. 575; *Hughes* v. *Kline,* 30 Pa. St. 227.

*Geo. H. Sullivan,* for respondent.

The objection attempted to be raised by the Boom Co. that it appeared before the Board of County Commissioners and requested them to decide where, if at all, it should be taxed, is not properly before this court for decision. That objection was not raised or passed upon by the court below; its attention was not directed to it. The Boom Co. did not appear before the Board of County Commissioners until it met in January, 1888, six months after the time provided by law for hearing and settling grievances relating to taxes.

The Boom Co. urge that the omission of the County Commissioners resulted to its prejudice. It had a complete and adequate legal remedy by *mandamus* against the Board to compel it to decide the question. 2 Dill. Mun. Corp. § 832; *People* v. *Board of Supervisors of County of Essex,* 70 N. Y. 228; *Wells,* Jur. 580; *County of Brown* v. *Winona & St. P. Land Co.,* 38 Minn. 397; *People* v. *Supervisors of Otsego County,* 51 N. Y. 401.

MITCHELL, J. In *County of Morrison* v. *St. Paul & N. P. Ry. Co.,* 42 Minn. 451, (44 N. W. Rep. 982,) we held that in certifying a "tax case" to this court, under the provisions of 1878 G. S. ch. 11, § 80, the trial court must state what point or points he certifies up for our opinion, and that except as to points thus certified up the judgment of the district court is final. According to this test, the certificate in this case is entirely insufficient. Not only is it not stated what particular points are certified up, but it nowhere appears from the record that the point now urged was ever brought to the attention of the trial judge or considered by him. So far as appears, the only question submitted to or passed upon by him was whether defendant's property should have been listed and assessed for taxation in the city or in the town of Stillwater, and the correctness of his conclusion on that is conceded.

As we think our jurisdiction in such cases is limited to the determination of points properly certified up, we must decline to consider the question argued by counsel.

Judgment affirmed.

(Opinion published 52 N. W. Rep. 44.)