(112 N. W. 967.)

---

COUNTY OF GRAND FORKS v. PAULINA FREDERICK.

Opinion filed June 17th, 1907.

**Taxation — Assessment — Indefinite Description of Land.**

1. A description of land in an assessment roll must be so definite and certain as to afford the owner the means of identification of the land is his land, before the assessment is a valid one. The description must also be definite in order to inform intending purchasers what lands are offered for sale.

**Same.**

2. The fact that the owner is not misled and is aware that it is his lot or land that is intended to be assessed, and that he owns no other real estate in the block, is immaterial, and does not have the effect of validating a void assessment.

**Same — Verification of Assessment Roll.**

3. The absence of a verification from the assessment roll is a defense to the proceeding for the collection of a tax under the provisions of chapter 161, p. 213, Laws 1903.

**Same — Constitutional Law — Curative Acts.**

4. The provisions of chapter 166, p. 232, Laws 1903, which legalizes only irregularities in assessing or levying taxes upon real estate, do not apply to void assessments by reason of failure to describe the land definitely.

**Same — Indefinite Description.**

5. A description in an assessment roll of a part of a lot as the "N. 23x200 ft.," the said lot being about 600 feet long and extending in a northeasterly direction, is void for indefiniteness, although the owner of the lot is correctly named in the assessment roll.

**Appeal — Questions Certified — Evidence Preserved.**

6. Questions certified to the Supreme Court by the district court for review, pursuant to section 10 of said chapter 161, p. 218, Laws 1903, should be based upon a statement of the facts established on the trial, and the evidence should not be returned to this court.

**Same.**

7. Upon a review of a judgment of the district court under said section, questions of law, and not questions of fact, are reviewable.

Appeal from District Court, Grand Forks County; *Fisk, J.*

Action by the county of Grand Forks against E. B. Fredericks and others. Judgment for defendants, and plaintiff appeals.

Affirmed.

*J. B. Wineman,* state's attorney, and *B. G. Skulason,* for appellant

The symbols "N" for north and "S" for south, etc., are sufficient in describing land for taxation. Beggs v. Paine, 15 N. D. 436, 109 N. W. 322; Stoddard v. Lyon, 99 N. W. 1116; Chestnut v. Harris, 43 S. W. 977; Auditor General v. Sparrow, 74 N. W. 881; Taylor v. Wright, 13 N. E. 529.

A description is sufficient if it affords notice and protects owner's rights. Kershaw v. Jansen, 68 N. W. 616; Colcord v. Alexander, 67 Ill. 581; Stevens v. Wait, 112 Ill. 544; Taylor v. Wright, supra.

If it enables a surveyor to identify the land. Law v. People, 80 Ill. 268; Fowler v. People, 93 Ill. 116; People v. Stahl, 101 Ill. 346; Cairo V. & C. Ry. Co. v. Mathews, 38 N. E. 623; Koehling

v. People, 63 N. E. 735; Harts v. Mackinack Island, 92 N. W. 351; Wash. T. & L. Co. v. Smith, 76 Pac. 267; Douglas v. Byers, 76 Pac. 432.

It is competent for legislature to pass curative acts, like Ch. 166, Laws of 1903. Wells County v. McHenry County, 7 N. D. 246, 74 N. W. 241; State Finance Co. v. Mather, 15 N. D. 386; 109 N. W. 350; Dever v. Cornwell, 10 N. D. 123, 86 N. W. 227; Black on Tax Title, 482, 483 and 487; Cooley on Taxation (2d Ed.), p. 297.

*W. J. Mayer,* for respondent.

Failure to verify assessment roll is fatal to tax. Silsbee v. Stockle, 7 N. W. 160; Clarke v. Crain, 76 Am. Dec. 775; Deckison v. Reynolds, 12 N. W. 25; Lee v. Crawford, 88 N. W. 97; Eaton v. Bennett, 87 N. W. 188.

Not to be urged in equitable action. Farrington v. New England Investment Co., 45 N. W. 191; Douglas v. City of Fargo, 13 N. D. 467, 101 N. W. 919.

May be validated by a curative act. State Finance Co. v. Mather, 15 N. D. 386, 109 N. W. 350; Beggs v. Payne, 15 N. D. 436, 109 N. W. 322.

Where there is no assessment or no levy, action cannot be barred by a limitation act without adverse possession. Nind v. Myers, 15 N. D. 400, 109 N. W. 335; State Finance Co. v. Mather, 15 N. D. 386, 109 N. W. 350; Black on Tax Titles, Sec. 89, Sec. 387.

MORGAN, C. J. This action is brought by the county of Grand Forks against the defendant, under the provisions of chapter 161, p. 213, of the Laws of 1903, an act entitled as follows: "An act to enable boards of county commissioners to institute proceedings to enforce payment of taxes on real property sold to the state or county for taxes and remaining unredeemed for more than three years." The county claims that the defendant has not paid any taxes on the land described in the tax proceedings during the years 1890 to 1903 inclusive, excepting in the year 1892. The defendant answered and alleged several grounds upon which she claimed that she was not liable for the payment of the taxes upon such land. Among the defenses so alleged is one that the land or lot described was never assessed, for the reason that it was not described in the assessment roll. The trial court made findings of fact and conclu-

sions of law, sustaining the defendant's contentions, and dismissed the proceedings against the county of Grand Forks. After the rendition of judgment, the trial court certified certain questions for a decision by this court, under the provisions of section 10 of said act, which reads as follows, so far as it bears on the question of making a certificate by the trial court: "The judgment which the court shall render shall be final, except that upon application of the county, òr other party against whom the court shall have decided the point raised by any defense or objection, the court may, if in its opinion the point is of great public importance, or likely to arise frequently, make brief statement of the facts established, bearing on the point, and of its decision and forthwith transmit the same to the clerk of the Supreme Court, who shall enter the same as a cause pending in such court, and place the same on the term calendar of such court for the term then in session, or for the first term thereafter."

The respondent makes a motion in this court to strike out the evidence and certain other parts of the record, as not properly in the record under proceedings for a review by this court of the decision of the trial court in such cases. In this case, all the evidence taken upon the trial has been returned to this court, together with the findings of fact and conclusions of law of the trial court. Under the section just quoted, it is not proper practice to certify the evidence on which the decision of the trial court was based to this court. The trial court makes "a brief statement of facts established    *    *    * and its decision." From this reading, it is clear that the evidence has no place in the record to be transmitted from the trial court. This court is to reach its conclusions upon the facts established as certified to this court. In other words, no questions of fact are reviewable by this court under proceedings based on this section. This court passes only upon questions of law. In this case, however, the trial court certified its findings of fact and conclusions of law, and these may be taken as statements of facts established by the trial court. However, proper practice would require that the trial court make a statement of the facts established in connection with the questions certified, and it is unnecessary, or would be unnecessary in many cases, to return all of the findings of fact. This section contemplates a summary proceeding in the Supreme Court to determine the questions certified, and does not contemplate a return to this court of all the evidence or all the proceedings. The motion will therefore be granted to strike from the record the evidence

certified to this court; but the case will be reviewed on the findings of fact, which we will consider in this case as equivalent to the making of a brief statement of the facts established in the court below.

This law is similar to section 1589, Rev. St. Minn. 1894, now repealed. The construction given by the Supreme Court of that state to that act is that ultimate facts and the court's conclusions only are properly certified to the Supreme Court under that act. In re Cloquet Lumber Co., 61 Minn. 234, 63 N. W. 628; Morrison Co. v. St. Paul, etc., Ry. Co., 42 Minn. 451, 44 N. W. 982; County of Ramsey v. Railway Co., 33 Minn. 537, 24 N. W. 313. A statute similar to this was before this court in Wells county v. E. H. McHenry et al., 7 N. D. 246, 74 N. W. 241, and in Emmons County v. C. C. Bennett, 9 N. D. 131, 81 N. W. 22; but no question of practice was therein involved. It is claimed that this case is not such a case as is contemplated to be reviewed by this court under said section. That section specifies that the questions may be certified, "if, in the opinion of the trial court, the point is of great public importance or likely to arise frequently." As this point was not raised or argued, we shall not determine the question suggested. It is clear, however, that this section is not meant to give the right of review upon a certificate of all questions that relate only to the determination of private rights. It may be that the certificate of the judge that the question is deemed of great public importance, and that it is likely to arise frequently, would be considered as a final determination of the importance of the question. Whether such certificate would be binding upon this court in all cases we do not determine. However, it is clearly the intent of the law that, in certifying cases to this court, the trial court should act with judicial discretion, and only certify such questions as are deemed of great public importance, or are likely to arise frequently.

The principal question involved in the merits is as to whether the tract land involved in the taxation proceedings was properly described in the assessment roll. The tract attempted to be assessed was composed of a part of three lots in block 25, original townsite of the city of Grand Forks. Practically the same point is raised against the validity of the assessment as to the description of the three lots. The part of lot 2 which was attempted to be assessed is accurately described as follows: "Part of lot 2, beginning at a point in block 25, original townsite of Grand Forks, N. D., and on the line of Third street, distant 73 feet from the intersection of the

southerly line of De Mers avenue and the easterly line of Third street; thence northeasterly toward the Red River of the North on a line parallel with De Mers avenue, 200 feet; thence northwesterly and along line common to lots 1 and 2, 200 feet, to the line of Third street; thence southeasterly and on the line of Third street, 23 feet, to the place of beginning—being a strip of land 23 feet wide and 200 feet in depth of lot 2, block 25, original townsite of Grand Forks, fronting on Third street." This lot was described in the assessment roll for the year 1890 as follows:

| Owner | Description | Lot | Block |
|-------|-------------|-----|-------|
| E. B. Frederick ......... | Town<br>N. 23x200 ft. deep | 2 | ............. |

The number of the block in this description was not given, in the description immediately above this one, the number "25" was given as the number of the block. There were no ditto marks given in this description to indicate that block 25 was intended to be described. The effect of the omission of the number of the block need not be determined.

Whether this is such a description as will sustain an assessment is the paramount question certified to this court by the district court. The question certified is as follows: "(1) Sufficiency of the descriptions: Are the descriptions, or any of them, of the lands sought to be charged with the above taxes, sufficient to sustain these proceedings?" If the description is sustained as sufficient other questions that have been certified will require an answer. It is established by decisions of this court, almost from its organization, that, before there can be a valid tax, there must be a description sufficiently accurate and definite to enable the owner to identify it therefrom as his property. The description as given in the assessment roll is to be used in all the subsequent tax proceedings. There is no provision for changing the description thereafter in order to correct it or make it more certain, and extrinsic evidence is not admissible to show what is meant to be described or what the words or figures used mean. A sufficient description is necessary, not alone for the benefit of the owner. The land assessed, if thereafter sold, is transferred to a purchaser. The necessity of a sufficient description is further emphasized by this fact. The description

becomes the basis of future titles. This description is not definite. It is impossible to tell from it what north part of lot 2 of block 25 it describes. Lot 2 is about 570 feet in depth. The north 23 feet by 200 feet does not locate any particular part of lot 2. The same descriptions would be quite as applicable to other parts of the north side of lot 2. The tract owned by the defendant was an oblong tract in the northwest corner of that lot. From this description a surveyor could not locate the tract. No point is given as the starting point for the dimensions 23 by 200 feet. . The act under which these proceedings were brought provides that no taxes shall be declared invalid unless it shall be made to appear, among other things, that the description or valuation of the property cannot be definitely ascertained from the assessment roll. The description was clearly so indefinite that we have no hesitation in declaring the assessment void. The following decisions of our own court amply sustain our conclusion: Power v. Larrabee, 2 N. D. 141, 49 N. W. 724; Power v. Bowdle, 3 N. D. 107, 54 N. W. 404, 21 L. R. A. 328, 44 Am. St. Rep. 511; Beggs v. Paine (N. D.), 109 N. W. 322; State Finance Co. v. Mather (N. D.), 109 N. W. 350; Sheets v. Paine, 10 N. D. 103, 86 N. W. 117; Nind v. Myers (N. D.), 109 N. W. 335; Wells Co. v. McHenry, 7 N. D. 246, 74 N. W. 241. Question No. 1 in the certificate is therefore answered in the negative.

The fact that the owner's name was correctly given, and that he was not misled by the description, and knew that his land was intended to be assessed, is not material, and does not relieve the authorities from proceeding regularly in assessment matters. Sheets v. Paine and Power v. Bowdle, supra.

The effect of the curative provisions of chapter 166, p. 232, Laws 1903, upon the tax in question, is also certified for a decision. The language of that act in that regard is as follows: "No tax shall be set aside for any defect or irregularity in form or illegality in assessing, laying or levying such tax, if the person against whom, or the property upon which such tax is levied, assessed or laid, is in fact liable to taxation unless it be made to appear to the court that such irregularity resulted to the prejudice of the party objecting." The reasonable construction of that act is that irregularities only are cured and rendered immaterial. Omissions going to the groundwork of the tax such as an assessment are not included within the provisions of the act. Without this essential there is no tax. The want

of a sufficient description was not rendered immaterial or cured by the terms of that act. This defect is not a mere irregularity, but goes to the groundwork of the tax. The land is not assessed unless described with sufficient accuracy for identification. Wells County v. McHenry, supra; Nind v. Myers, supra; State Finance Co. v. Mather, supra; State Finance Co. v. Myers et al. (decided at this term), 112 N. W. 76; Lee v. Crawford, 10 N. D. 482, 88 N. W. 97. The answer to this question will be that the act of 1903 does not cure void assessments, but that it refers only to irregularities, and not to matters of jurisdiction to the tax.

Another question that is certified is as to the effect of a failure to verify the assessment roll, when such failure is urged as a defense to the collection of the tax under said act of 1903. Legal defenses are permitted to be pleaded to the tax under that act. The language as to what defenses may be interposed in the answer is as follows: "Setting forth the defense or objections to the tax or penalty * * * which need not be in any particular form, but shall clearly refer to the piece or parcel of land intended and shall clearly set forth in ordinary and concise language the facts constituting the defense or objections to such taxes or defenses." The effect of the absence of a verification of the assessment roll is well established by decisions of this court. The rule established is that the absence of a verification is fatal to the tax in a law action, and not fatal in equitable actions. Farrington v. N. E. Inv. Co., 1 N. D. 102, 45 N. W. 191; Douglas v. City of Fargo, 13 N. D. 467, 101 N. W. 919; Eaton v. Bennett, 10 N. D. 346, 87 N. W. 188; Lee v. Crawford, 10 N. D. 482, 88 N. W. 97. The answer to this question is that the absence of a verification to an assessment roll is fatal to the tax in proceedings brought under the act in question, which permits defenses legal in their character to taxes attempted to be collected.

Other questions are certified bearing upon the judgment to be entered, and what penalties and interest should be charged, and the effect of a prior adjudication against the validity of some of these same taxes. The questions answered are decisive of the case and of the judgment to be entered. The appellant does not claim that these other questions become material, unless a reversal is to be ordered. The other questions are of no general importance. Hence an answer to them is unnecessary.

Judgment affirmed. All concur.

FISK, J., disqualified. BURKE, judge of Fifth district, sitting by request.