## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF

# NORTH DAKOTA

---

GREAT NORTHERN RAILWAY COMPANY, a Corporation, Nash Brothers, a Corporation, and Swift & Company, a Corporation, v. THE COUNTY OF GRAND FORKS, a Municipal Corporation, and the State of North Dakota, a Municipal Corporation.

(164 N. W. 320.)

**Assessments of lands — description of — must be definite — certain.**

    1. Following Grand Forks County v. Frederick, 16 N. D. 118, the description of the land in the instant case is *held* so indefinite as to invalidate the assessment.

**Assessments for taxes — lands — description of — uncertain — indefinite — void for such reason.**

    2. Following Grand Forks County v. Frederick, supra, and State Finance Co. v. Bowdle, 16 N. D. 193, it is *held* that § 2201, Compiled Laws 1913, does not apply to assessments void by reason of failure to describe the land definitely.

Opinion filed August 22, 1917.

---

NOTE.—Authorities discussing the question as to whether elevators, warehouses, etc., and their sites, on railroad right of way, are separate subjects of taxation, are collated in a note in L.R.A.1916E, 413.

    38 N. D.—1.

From a judgment of the District Court of Grand Forks County, Cooley, J.

Affirmed.

*Geo. E. Wallace* and *O. B. Burtness,* for appellants.

There is no allegation that the assessments are unfair, unjust, excessive, or inequitable. Even if they were, equity furnishes no relief or ground for restraining collection or securing cancelation of the assessments and taxes. Comp. Laws 1913, § 2240, subd. 5; Holland v. Baltimore, 69 Am. Dec. 199, note, and authorities cited; State v. Duluth Gas & Water Co. 76 Minn. 96, 57 L.R.A. 63, 78 N. W. 1032; Frost v. Flick, 1 Dak. 139, 46 N. W. 508.

If the tax is in itself a legal one, and the property on which it is levied subject to taxation, then it cannot be said that any injury could result from its taxation. A court of equity will not interfere with the taxing powers of the state. The presumption is that the tax is valid, and this presumption extends to every act upon which the tax in any measure depends. Farrington v. New England Invest. Co. 1 N. D. 102, 45 N. W. 191; Northern P. R. Co. v. Barnes, 2 N. D. 310, 51 N. W. 386; Schaffner v. Young, 10 N. D. 252, 86 N. W. 733; Cooley, Taxn. p. 772 and cases in note 2; Clarke v. Ganz, 21 Minn. 387; Savings & L. Soc. v. Austin, 46 Cal. 417.

In tax cases the rule is settled that special facts must be inserted in the bill or complaint calling for equitable relief, and when there are no such averments, the suitor will be relegated to his legal remedies. 1 Spelling, Extr. Relief, § 658; 2 Desty, Taxn. p. 667, and cases cited in note 2; Wason v. Major, 10 Colo. App. 181, 50 Pac. 741; Linehan R. Transfer Co. v. Pendergrass, 16 C. C. A. 585, 36 U. S. App. 48, 70 Fed. 1; Shelton v. Platt, 139 U. S. 594, 37 L. ed. 275, 11 Sup. Ct. Rep. 646; Erskine v. Van Arsdale, 15 Wall. 77, 21 L. ed. 63; Farrington v. New England Invest. Co. 1 N. D. 102, 45 N. W. 191; St. Anthony & D. Elevator Co. v. Bottineau Co. (St. Anthony & D. Elevator R. Co. v. Soucie) 9 N. D. 346, 50 L.R.A. 262, 83 N. W. 212; Minneapolis, St. P. & S. Ste. M. R. Co. v. Dickey County, 11 N. D. 107, 90 N. W. 260.

In such cases the plaintiff must plead facts that will bring him within some recognized head of equity jurisprudence. Douglas v. Fargo, 13 N. D. 467, 101 N. W. 919; Bismarck Water Supply Co. v. Barnes,

30 N. D. 555, L.R.A.1916A, 965, 153 N. W. 454; Merchants' State Bank v. McHenry County, 31 N. D. 108, 153 N. W. 386; Barnum v. Rallihan, — Ind. App. —, 112 N. E. 561; State Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357.

The statutes provide due process. The question of due process implies merely the right to be heard. In taxation matters including the meeting of the boards of review and boards of equalization, the law gives all the notice required. Merchants' & M. Nat. Bank v. Pennsylvania, 167 U. S. 461, 42 L. ed. 236, 17 Sup. Ct. Rep. 829; Bell's Gap. R. Co. v. Pennsylvania, 134 U. S. 232, 33 L. ed. 892, 10 Sup. Ct. Rep. 533; Spencer v. Merchant, 125 U. S. 345, 31 L. ed. 763, 8 Sup. Ct. Rep. 921; Palmer v. McMahon, 133 U. S. 660, 33 L. ed. 772, 10 Sup. Ct. Rep. 324; Lent v. Tillson, 140 U. S. 316, 35 L. ed. 419, 11 Sup. Ct. Rep. 825; Paulsen v. Portland, 149 U. S. 30, 37 L. ed. 637, 13 Sup. Ct. Rep. 750.

Plaintiffs claim that they are denied the equal protection of the law. This provision of the Federal Constitution is satisfied when the means and methods shall be applied impartially to all the constituents of each class, so that the law shall act equally and uniformly upon all persons and under similar circumstances. Cincinnati, N. O. & T. P. R. Co. v. Kentucky, 115 U. S. 321, 29 L. ed. 414, 6 Sup. Ct. Rep. 57; Florida C. & P. R. Co. v. Reynolds, 183 U. S. 471, 46 L. ed. 283, 22 Sup. Ct. Rep. 176; Bell's Gap R. Co. v. Pennsylvania, 134 U. S. 232, 33 L. ed. 892, 10 Sup. Ct. Rep. 533; Michigan R. Tax Cases, 138 Fed. 236; Michigan C. R. Co. v. Powers, 201 U. S. 246, 50 L. ed. 744, 26 Sup. Ct. Rep. 459.

The legislature has directed that any portion of the right of way of a railroad company which is held under a lease for a term of years shall be taxed as the property of the lessee. Comp. Laws 1913, § 2118; Douglas v. Fargo, 13 N. D. 467, 101 N. W. 919; Hackney v. Elliott, 23 N. D. 375, 137 N. W. 433; 37 Cyc. 1295; Doherty v. Real Estate Title, Ins. & T. Co. 85 Minn. 518, 89 N. W. 853; Maney v. Dennison, 110 Ark. 571, 163 S. W. 783; State ex rel. MacKenzie v. Casteel, 110 Ind. 174, 11 N. E. 219; Peckham v. Millikan, 99 Ind. 352; Sloan v. Sewell, 81 Ind. 180.

For assessment purposes the description is wholly sufficient. "An assessment of real estate need not describe the property with that cer-

tainty required in a deed; it is sufficient where the property can be located with reasonable certainty, from the description given." Ludlow v. Ludlow, 152 Ky. 545, 153 S. W. 783; Lancaster Sea Beach Improv. Co. v. New York, 161 App. Div. 469, 146 N. Y. Supp. 734; Ventrinigeia v. Eichner, 155 App. Div. 236, 140 N. Y. Supp. 395; People ex rel. National Park Band v. Metz, 141 App. Div. 600, 126 N. Y. Supp. 986; Abercrombie v. Simmons, 71 Kan. 538, 1 L.R.A.(N.S.) 806, 114 Am. St. Rep. 509, 81 Pac. 208, 6 Ann. Cas. 239; Houghton v. Kern Valley Bank, 157 Cal. 289, 107 Pac. 113; McLaughlan v. Bonynge, 15 Cal. App. 239, 114 Pac. 798; Fox v. Townsend, 152 Cal. 51, 91 Pac. 1004, 1007; Chapman v. Zoberlein, 152 Cal. 216, 92 Pac. 188; Slaughter v. Dallas, 101 Tex. 315, 107 S. W. 48; Baird v. Monroe, 150 Cal. 560, 89 Pac. 352.

Where a tax debtor owned certain lots in a particular square the number and street boundaries of which are given, the property is sufficiently described for purposes of assessment and sale for taxes as "certain lots" in a "designated square" assessed to a person by name (the owner), and such description including all the lots owned by such person in the designated square. This is a sufficient description. Gonzales v. Saux, 119 La. 657, 44 So. 332; Weber v. Martinez, 125 La. 663, 51 So. 679; People ex rel. Sweet v. Blake, 72 Misc. 646, 132 N. Y. Supp. 191; Continental Distributing Co. v. Smith, 74 Wash. 10, 132 Pac. 631.

The description, "south part of section 25, township 3, range 11, 80 acres" was held sufficient. Ontario Land Co. v. Yordy, 44 Wash. 239, 87 Pac. 257; Webb v. Mobile & O. R. Co. 105 Miss. 175, 62 So. 168; Hackney v. Elliott, 23 N. D. 373, 137 N. W. 433.

The test is "whether a man of ordinary intelligence would identify the land with reasonable certainty." Hackney v. Elliott, supra.

Our statute has for one of its principal objects the curing of irregularities in taxation proceedings, and relief therefrom. is rather limited in such matters. Comp. Laws 1913, §§ 2193, 2201; Cooley, Const. Lim. 6th ed. 457; Ensign v. Barse, 107 N. Y. 329, 14 N. E. 400, 15 N. E. 401; Wells County v. McHenry, 7 N. D. 256, 74 N. W. 241; Shattuck v. Smith, 6 N. D. 56, 69 N. W. 6.

This statute, being prospective, was of greater power and could

cure greater irregularities, and hence the alleged defects here are cured by such statute. Beers v. People, 83 Ill. 488.

Such curative statutes are liberally construed by the courts. Reynolds v. Bowen, 138 Ind. 434, 36 N. E. 756, 37 N. E. 962; Eldridge v. Kuehl, 27 Iowa, 160; Townsen v. Wilson, 9 Pa. 270; Mitchell v. Bratton, 5 Watts & S. 451; Dietrick v. Mason, 57 Pa. 40; Laird v. Hiester, 24 Pa. 452; Polk County v. Kauffman, 104 Iowa, 639, 74 N. W. 8; Auditor General v. Sparrow, 116 Mich. 574, 74 N. W. 881; Boyce v. Stevens, 86 Mich. 549, 49 N. W. 577; Saranac Land & Timber Co. v. Comptroller (Saranac Land & Timber Co. v. Roberts) 177 U. S. 330, 44 L. ed. 792, 20 Sup. Ct. Rep. 642; Terry v. Anderson, 95 U. S. 628, 24 L. ed. 365; People v. Turner, 145 N. Y. 451, 40 N. E. 400, 117 N. Y. 238, 15 Am. St. Rep. 498, 22 N. E. 1022; Ensign v. Barse, 107 N. Y. 339, 14 N. E. 400, 15 N. E. 401; Re Lamb, 22 N. Y. S. R. 650, 4 N. Y. Supp. 858; People ex rel. Flower v. Bleckwenn, 55 Hun, 169, 7 N. Y. Supp. 914.

The legislature, having the power to pass such a law, likewise had the power to render valid an assessment which follows such proposed law. Reed v. Heard, 97 Miss. 743, 53 So. 400.

The statute forms a part of the contract between the state and the purchaser at such tax,—the defendant in this case. Roberts v. First Nat. Bank, 8 N. D. 504, 79 N. W. 1049; Fisher v. Betts, 12 N. D. 197, 96 N. W. 132; Dondna v. Harlan, 45 Kan. 484, 25 Pac. 883; Martin v. Garrett, 49 Kan. 131, 30 Pac. 168; Hiles v. LaFlesh, 59 Wis. 465, 18 N. W. 435; Coulter v. Stafford, 48 Fed. 266; Sherry v. Gilmore, 58 Wis. 324, 17 N. W. 252; Bardon v. Land & River Improv. Co. 157 U. S. 327, 39 L. ed. 719, 15 Sup. Ct. Rep. 650; Edwards v. Sims, 40 Kan. 235, 19 Pac. 710.

"A statute prescribing the time and place at which the board shall meet and hear complaints is sufficient." 27 Am. & Eng. Enc. Law, 707 and cases cited in note 2; Inland Lumber & Timber Co. v. Thompson, 11 Idaho, 508, 114 Am. St. Rep. 274, 83 Pac. 933, 7 Ann. Cas. 862; Baltimore v. State, 105 Md. 1, 65 Atl. 369, 11 Ann. Cas. 716; Monticello Distilling Co. v. Baltimore, 90 Md. 428, 45 Atl. 210; Billinghurst v. Spink County, 5 S. D. 84, 58 N. W. 272; Tripp v. Yankton, 10 S. D. 516, 74 N. W. 447; Carney v. People, 210 Ill. 434, 71 N. E. 365; Fell v. West, 35 Ind. App. 20, 73 N. E. 719;

Chicago, B. & Q. R. Co. v. Richardson County, 72 Neb. 482, 100 N. W. 950; State ex rel. Morton v. Back, 72 Neb. 402, 69 L.R.A. 447, 100 N. W. 952; Hacker v. Howe, 72 Neb. 385, 100 N. W. 1127, 101 N. W. 255; Ankeny v. Blakeley, 44 Or. 78, 74 Pac. 485.

It is generally held that personal notice to taxpayers is not necessary where a public statute so fixes the time and place. All persons are bound to take notice of the law. State R. Tax Cases, 92 U. S. 610, 23 L. ed. 672; Merchants & M. Nat. Bank v. Pennsylvania, 167 U. S. 461, 42 L. ed. 236, 17 Sup. Ct. Rep. 829; Bell's Gap R. Co. v. Pennsylvania, 134 U. S. 232, 33 L. ed. 892, 10 Sup. Ct. Rep. 533; Hagar v. Reclamation Dist. 111 U. S. 701, 28 L. ed. 569, 4 Sup. Ct. Rep. 663; Paulsen v. Portland, 149 U. S. 30, 37 L. ed. 637, 13 Sup. Ct. Rep. 750; Glidden v. Harrington, 189 U. S. 255, 47 L. ed. 798, 23 Sup. Ct. Rep. 594; Michigan C. R. Co. v. Powers, 201 U. S. 245, 50 L. ed. 744, 26 Sup. Ct. Rep. 459; Comp. Laws 1913, §§ 2138, 5266; Leigh v. Green, 193 U. S. 79, 48 L. ed. 623, 24 Sup. Ct. Rep. 390; 4 Enc. U. S. Sup. Ct. Rep. 365 and note 5; Connolly v. Union Sewer Pipe Co. 184 U. S. 540, 46 L. ed. 679, 22 Sup. Ct. Rep. 431; Kidd v. Pearson, 128 U. S. 1–26, 32 L. ed. 346–352, 2 Inters. Com. Rep. 232, 9 Sup. Ct. Rep. 6; Cook v. Marshall, County, 196 U. S. 261, 274, 49 L. ed. 471, 476, 25 Sup. Ct. Rep. 233.

Plaintiffs knew that their property ought to be assessed and that it would be assessed. They should have taken notice of the law. Meyer v. Rosenblatt, 78 Mo. 495; First Nat. Bank v. Bailey, 15 Mont. 301, 39 Pac. 83; Comstock v. Grand Rapids, 54 Mich. 641, 20 N. W. 623; First Nat. Bank v. St. Joseph, 46 Mich. 526, 9 N. W. 838; Smith v. Marshalltown, 86 Iowa, 516, 53 N. W. 286; Swenson v. McLaren, 2 Tex. Civ. App. 331, 21 S. W. 300; Motz v. Detroit, 18 Mich. 496; Republic L. Ins. Co. v. Pollak, 75 Ill. 300; State Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357; Noble v. McIntosh, 23 N. D. 59, 135 N. W. 663.

Where a court of equity has once acquired jurisdiction over the subject-matter, it will retain same until all matters involved in the litigation are finally disposed of and settled. 10 R. C. L. 370; 17 Cyc. 106.

*Murphy & Toner,* for respondents.

The equitable rules, so fully elaborated by appellants, do not apply in a statutory action to determine adverse claims, where the adverse

claims consist of taxes which the plaintiffs contend are jurisdictionally defective and void. In such a case no tender can be made, as there is no tax to pay. The rule is different in such a case to that applicable where there are irregularities in tax-sale proceedings or where it is claimed taxes are excessive or unjust. State Finance Co. v. Bowdle, 16 N. D. 193, 112 N. W. 76; Noble v. McIntosh, 23 N. D. 59, 135 N. W. 663; State Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357; Roberts v. First Nat. Bank, 8 N. D. 504, 79 N. W. 1049; Douglas v. Fargo, 13 N. D. 467, 101 N. W. 919; State Finance Co. v. Mather, 15 N. D. 386, 109 N. W. 350, 11 Ann. Cas. 1112; Powers v. First Nat. Bank, 15 N. D. 469, 109 N. W. 361; State Finance Co. v. Halstenson, 17 N. D. 146, 114 N. W. 724.

Such a description of property as is here contended for is meaningless for any purpose. State Finance Co. v. Mather, 15 N. D. 394, 109 N. W. 350, 11 Ann. Cas. 1112; Grand Forks County v. Frederick, 16 N. D. 120, 125 Am. St. Rep. 621, 112 N. W. 839; Sheets v. Paine, 10 N. D. 103, 86 N. W. 117.

And extrinsic evidence cannot be introduced to cure the defect in these descriptions. Sheets v. Paine, supra; Power v. Bowdle, 3 N. D. 107, 21 L.R.A. 323, 44 Am. St. Rep. 511, 54 N. W. 404.

The assessments are not only void for want of sufficient description, but because they include property not assessable by the county authorities. O'Neil v. Tyler, 3 N. D. 47, 53 N. W. 434; Roberts v. First Nat. Bank, 8 N. D. 504, 79 N. W. 993; State Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357; State Finance Co. v. Bowdle, 16 N. D. 193, 112 N. W. 76; Griffin v. Denison Land Co. 18 N. D. 246, 119 N. W. 1041.

A bad description is not a mere irregularity; it is a jurisdictional matter and is fatal to the tax, and there is nothing to cure, and counsel's "curative statutes" do not apply. Hodgson v. State Finance Co. 19 N. D. 139, 122 N. W. 336; Grand Forks County v. Frederick, 16 N. D. 120, 125 Am. St. Rep. 621, 112 N. W. 839; Sheets v. Paine, 10 N. D. 103, 86 N. W. 117; Roberts v. First Nat. Bank, 8 N. D. 504, 79 N. W. 1049; Sweigle v. Gates, 9 N. D. 538, 84 N. W. 481; State Finance Co. v. Bowdle, 16 N. D. 193, 112 N. W. 76; State Finance Co. v. Mather, 15 N. D. 386, 109 N. W. 350, 11 Ann. Cas. 1112; Beggs v. Paine, 15 N. D. 436, 109 N. W. 322; Nind v. Myers,

15 N. D. 400, 8 L.R.A.(N.S.) 157, 109 N. W. 335; Scott & B. Mercantile Co. v. Nelson County, 14 N. D. 407, 104 N. W. 528.

The questions here involved go to the very foundation—the basic work—of the taxes, and are not mere irregularities. Therefore the rules urged by appellant do not apply. Power v. Larabee, 2 N. D. 141, 49 N. W. 724; O'Neil v. Tyler, 3 N. D. 47, 53 N. W. 434; State Finance Co. v. Trimble, 16 N. D. 199, 112 N. W. 984.

The county auditor now has no authority to assess property that has escaped assessment and taxation. The law granting to him such authority had been repealed. Comp. Laws 1913, §§ 2088, 2217.

BURR, District J.    This is an appeal by the defendants from the judgment of the district court of Grand Forks county, quieting title in plaintiffs to certain lands as against certain alleged taxes levied and assessed against said land. The complaint is in the usual statutory form set out in § 8147, Comp. Laws 1913; and the defendants, in their answer, set up the levy and assessment of these taxes. The plaintiffs Nash Brothers, a corporation, and Swift & Company, a corporation, leased from the Great Northern Railway Company, a corporation, certain real property, to be used for nonrailway purposes, and it appears that this real property so leased was a part of the right of way of the Great Northern Railway Company. That the interests of the Nash Brothers, a corporation, and of Swift & Company, a corporation, are taxable in addition to the taxes paid by the Great Northern Railway Company on its right of way has been settled by this court in the case of Northern P. R. Co. v. Morton County, 32 N. D. 627, L.R.A.1916E, 404, 156 N. W. 226. The question raised here, however, is the validity of the taxes levied and assessed, it being the contention of the plaintiffs that the taxes are void because of the insufficiency of the description of the real estate. The assessment record, in describing the real property to be assessed, sets out the description as follows:

| Name of owner | Year of Lease | Description | Lot | Block |
|---|---|---|---|---|
| Occupied by Nash Brothers | 1913 | Leased site on the G. N. right of way, Grand Forks City | | |
| | | Original town northeast 100 ft. | 7 | 28 |
| "        " | 1912 | "     "     "     "   " | " | " |

—and the same record includes the assessment for the years 1908 to 1911 inclusive. The assessment of the tract leased by Swift & Company is similar for the years 1908 to 1913, inclusive, but describes it as 3,800 square feet, original town, opposite block 27. This is a fair sample of the assessment for the year 1913, and in the assessment for that year is included the assessment for the preceding years, as indicated.

We hold the assessment to be void, because of the insufficiency of the description. There is nothing in the description of "the northeast 100 feet of lot 7, block 28" or "3,800 square feet opposite block 27" to mark out the real property intended to be assessed. The northeast 100 feet may be a square 10 feet by 10 feet in the northeast corner, or it may be a portion of the northeast corner of the lots 100 feet in width or in depth. The same way with the expression 3,800 square feet. That might be a portion 60 feet by approximately 64 feet, or it might be 40 by 95 feet or in any other form. This court has already held in the case of Grand Forks County v. Frederick, 16 N. D. 118, 125 Am. St. Rep. 621, 112 N. W. 839, that a description of real property in lot 2 as "N. 23 x 200 ft. deep" was "void for indefiniteness, although the owner of the lot is correctly named in the assessment roll." In that case the court said: "No point is given as the starting point for the dimensions 23 by 200 feet." This court has held from time to time that land is not assessed unless described with sufficient accuracy for identification. It is not enough that the owner's name be given correctly, or even that he may not be misled by the description. He may know that his land is intended to be assessed; yet, this does not relieve the authorities from proceeding regularly in assessment matters. See Wells County v. McHenry, 7 N. D. 246, 74 N. W. 241; Sheets v. Paine, 10 N. D. 103, 86 N. W. 117, and numerous other decisions of this court.

The defendants claim that even though there may be an irregularity or defect or illegality in assessing, laying, or levying such tax, the courts have the power, under § 2201 of Comp. Laws 1913, to amend and correct the irregularities or defects. As shown in the case of Grand Forks County v. Frederick, supra, this section does not apply to void assessments, by reason of failure to describe the land definitely. We have had occasion already to show that this section does not apply to assessment void on other grounds (Northwestern Improv. Co. v.

Oliver County, post, 57; 164 N. W. 315); and the case cited above settles the question of its application to assessments void for indefiniteness of description.

Defendants claim that the plaintiffs cannot be heard in this case, because these lease interests are assessable, have not paid taxes, and that no taxes are tendered. As we have held in the case of Northwestern Improv. Co. v. Oliver County, supra, no tender need be made in such case as this. This is a statutory action to determine adverse claims. There are no taxes to tender, for the assessment is void, and the nature of this action does not require a tender to be made. If the taxpayer were asking for equitable relief because of some irregularity in the tax proceedings, it would present a different situation. The judgment of the lower court is affirmed.

BIRDZELL, J., being disqualified, did not participate. Honorable A. G. BURR, Judge of the Ninth Judicial District, sat in his place.

CHRISTIANSON, J. (concurring specially). I concur in the opinion prepared by Judge Burr, solely for the reason that the questions involved are controlled by the former decisions of this court. It seems to me, however, the rule announced ought to be changed by legislative exactment.

ROBINSON, J. (concurring). This is an action to determine adverse claims to real property. The complaint avers and shows that the plaintiffs have some title or interest in certain property in the city of Grand Forks, to wit, a part of lot 7 in block 28, and a part of lots 9 and 11 in block 28, which parts are described by metes and bounds. It avers that the defendant claims some estate or interest in said property adverse to the plaintiffs.

The answer is in effect that, for several specified years, the property was duly listed and assessed for taxation, and taxes were duly levied against it, and for such taxes the property was duly sold to Grand Forks county.

The county appeals from a judgment holding void the assessment, the taxes, and the tax sale on the ground that the land description is fatally defective. In the assessment book for each year the description of

one tract is: Northeast 100 feet of lot 7 in block 28, Name of Owner —Nash Brothers, or lot 7 in block 28, name of owner—Gt. Nor. R. R. Co. The description of the other tract is: 3,800 square feet original town opposite block 27, city of Grand Forks, name of owner, Swift Company, or Gt. Nor. R. R. Co., lot 9, block 28.

There is a first and second description of each tract, and each description is in a different assessment book. All of lots 7, 9, and 11 are a part of the Great Northern right of way. Only a part of each lot is leased, and the part not leased is not subject to taxation. As the leased property consists of only a fractional part of each lot, it was not possible to describe it by giving the number of the lot, and the other descriptions are too vague. They describe nothing.

It is established by the decisions of this court from its organization that, before there can be any valid tax against land, there must be a description sufficiently accurate and definite to enable the owner and others to identify it. The description as given in the assessment roll is to be used in all subsequent proceedings. There is no provision for changing the description in order to correct it or make it more certain, and extrinsic evidence is not admissible to show what is meant by the description. A sufficient description is necessary, not alone for the benefit of the owner. It becomes the basis of all further proceedings and future titles. Grand Forks County v. Frederick, 16 N. D. 123, 125 Am. St. Rep. 621, 112 N. W. 839. Land is not assessed unless it is described with sufficient accuracy for complete identification. The reasoning of Judge Cooley and the authorities cited by him are absolutely conclusive, and show that there was no reason for taking this appeal.

In a statutory action like this it is sheer folly for counsel to talk about rules of equity. It is a case of strict law, and not of equity. The statute gives the right of action and the form of the complaint. It avers that defendant claims some title or interest in the land adverse to the plaintiff, and challenges the defendant to set forth and establish his title or to abandon it. The defendant becomes the plaintiff and tenders the issue, and of course the other party must have a right to defend against the claim of title, when the answer and evidence shows that a claim is based on a void assessment, tax sale, or tax deed, then it must be adjudged void as a matter of law, and there is no equity or

discretion about it. It is time to cease talking of equity unless, when the power of the court is invoked to relief against some hardship, penalty, or forfeiture, or to mitigate some severity of the law.

Judgment affirmed.

GRACE, J. I concur in the result.