THE CITY OF MERIDEN ET AL. *vs.* MATTHEW MALONEY ET AL.

Third Judicial District, New Haven, June Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

General Statutes, § 3890, provides that the interest of any person, "in any portion of real estate " listed for taxation, " shall be subject to a lien for that part of his taxes which is laid upon the valuation of said real estate " as found in the list when finally completed. *Held* that the full amount of a tax upon three separate pieces of land, which were listed and valued as a whole, could not be collected, as against the taxpayer's grantees, by filing and foreclosing a lien upon two of them only. Under such circumstances the certificate of lien should include all three pieces, each of which must bear its own proportion of the whole tax.

The fact that one of the three pieces was subject to a life lease does not justify its omission from the certificate of lien, under the provisions of § 3845, if it also appears that the parties to such lease had agreed

that the lessor should continue to list the land in his own name for taxation.

Whether every life estate, however created, is within the terms of § 3845, *quære*.

Argued June 7th—decided July 23d, 1901.

ACTION to recover the amount of a tax and to foreclose a lien therefor, brought to the City Court of Meriden and tried to the court, *Platt, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiffs for alleged errors in the rulings and findings of the court. *No error.*

The material facts found are in substance these : In October, 1893, Mark O'Riley filed with the assessors of Meriden a tax list duly sworn to, in which he stated that said list contained a true statement of all his taxable property in said town. In said list the property was described as follows : " 3 dwelling-houses, with buildings and lots appurtenant thereto. ¾ acres of land, bounded and described on back of this list." Said list failed to describe the land otherwise than as above stated. The assessors received said list, and they also failed to describe said land; and they assessed O'Riley thereon, " in a lump, the sum of $5,375." In December, 1893, the city of Meriden laid a tax of twelve mills on the dollar upon all the assessed and taxable property in said city at that time. Thereafter a city assessment list was made out according to law. This was based upon the town tax list, with only such additions and alterations as were required by change of title between October 1st, 1893, and the time of laying said city tax. The land described in O'Riley's list was all situated in the city of Meriden, and was liable to said city tax, and with respect to it no change had occurred between October 1st and the time of laying said city tax. O'Riley's property was set in the city assessment list, as in his own list, at $5,375. The amount of tax levied thereon and assessed to O'Riley was $64.50, and it became due and payable October 21st, 1894. No part of said tax was paid prior to the filing of the tax lien sought to be foreclosed in this suit. That lien was filed and duly recorded as required by law in October, 1895. The

tax list filed by O'Riley in October, 1893, included a certain house and lot on Cedar Street in Meriden, which he then owned subject to a certain lease to one Mary Mulraney; and the tax aforesaid laid against him was laid upon the Cedar Street property as a part of the whole of his real estate described in said list.

The certificate of lien filed by the city, and which is sought to be foreclosed in this suit, does not cover nor include the Cedar Street property. The defendants severally claimed before the trial court that because of the omission to include the Cedar Street property in the certificate of lien, the lien was invalid as against them; while the plaintiffs claimed that because of the lease to Mary Mulraney the Cedar Street property was properly excluded from the certificate of lien, and that the lien was a valid lien against the defendants. The facts in regard to said lease are these: On the 23d of August, 1893, O'Riley, as owner of the Cedar Street property, and Mary Mulraney, entered into an indenture of lease by which O'Riley, in consideration of the rent reserved in the lease and of love and affection, granted and let to said Mary Mulraney the Cedar Street property " for and during the term of her natural life, to be used for a dwelling-house," by her and her tenants, she paying therefor to said O'Riley " the yearly rental of one dollar per annum, on the first day of January in each and every year during said term." She covenanted that she would commit no waste on the premises nor suffer the same to be committed, would not injure nor misuse them, and would use them in a proper manner, and the lease contained a provision of forfeiture in case of the violation of any of the covenants on her part to be kept and performed. This lease was duly witnessed and acknowledged, and was recorded on the land records of Meriden on the 24th of August, 1893. The lessee at once entered into possession of said property. This was the condition as to the ownership of the Cedar Street property when O'Riley filed his tax list as aforesaid and when the city tax list was laid in December, 1893. O'Riley died January 30th, 1894. After

this Mary Mulraney and the estate of O'Riley were foreclosed of all their interest in the Cedar Street property. In January, 1894, just prior to his death, O'Riley assigned to certain grantees all his interest in the real estate described in the certificate of tax lien and covered by the tax lien here sought to be foreclosed. These grantees, or their successors in interest, are the defendants in this suit. The Cedar Street property was not assessed on the list of Mary Mulraney for 1893. Said tax has not been paid " excepting that $2.98 was paid July 2d, 1896, and one certain lot on the corner of Court and Cedar streets was released of record on that date."

Upon these facts the court held that the tax lien was invalid as against the defendants, and rendered judgment for them.

*Frank S. Fay*, with whom was *Henry Dryhurst*, for the appellants (plaintiffs).

*Richard Gleeson*, for the appellees Maloney, O'Riley and Crowley (defendants).

TORRANCE, J. On the first day of October, 1893, Mark O'Riley owned several separate pieces of real estate in the city of Meriden, one of them being a house and lot on Cedar Street which he owned subject to the life lease described in the finding. He put all of said real estate, including the Cedar Street property, into his tax list for 1893, but without describing each piece separately, and the whole was assessed to him "in a lump, in the sum of $5,375." In December of that year the city of Meriden laid a tax against said real estate upon that assessment, and the amount of O'Riley's tax to the city was $64.50. Subsequently, while this tax remained due and unpaid, the city filed a certificate of lien for the whole of this tax upon a part only of the land upon which the assessment was laid; and it now seeks to enforce substantially the entire tax against a part only of the land upon which such tax was laid. The main question in the case is

whether, upon the facts found, it can do this as against these
defendants.

The law relating to this matter (§ 3890 of the General
Statutes) provides that " the estate of any person in any por-
tion of real estate which is by law set in his list for taxation
shall be subject to a lien for that part of his taxes which is
laid upon the valuation of said real estate as found in said
list when finally completed."   Under this statute the general
rule is that each separate portion of real estate is subject to
a lien only for that part of the tax which is laid upon the
valuation of that part, as found in the list when finally com-
pleted.   *Meyer* v. *Burritt*, 60 Conn. 117; *Hellman* v. *Burritt*,
62 id. 438.   Under this general rule the city cannot, as
against these defendants, enforce the lien for the entire tax
upon only a portion of the real estate on which such tax was
laid, unless the fact that the Cedar Street property was sub-
ject to a life lease justified the city in leaving it out of the
certificate of lien.

Section 3845 of the General Statutes provides that " when
one is entitled to the ultimate enjoyment of . . . land . . .
and another is entitled to the use of the same as an es-
tate for life, or for a term of years by gift or devise and not
by contract, such estate shall be set in the list of the party
in the immediate possession or use thereof, except when it is
specially provided otherwise."   The plaintiffs claim that un-
der this statute the Cedar Street property was not taxable to
or as against O'Riley, and that this fact justified the city in
leaving it out of the certificate of lien.   This claim proceeds
on the assumption that the lease in question vested in Mary
Mulraney a life estate, within the meaning of this statute.
The defendants contend that the words " by gift or devise
and not by contract," qualify the words " estate for life " as
well as the words " a term of years," and therefore, that the
estate created by the lease in question is not an estate for
life within the meaning of the statute; while the plaintiffs
contend that an estate for life, however created, is within the
meaning of the statute.   This statute was first passed in
1845 (Public Acts of 1845, Chap. 52) and has since remained

upon the statute book with but little change in substance or phraseology. The punctuation of it has varied from time to time, more or less, but in its present form the punctuation would seem to favor the construction contended for by the plaintiffs. But if we assume, without deciding, that the plaintiffs are right in their contention, and that Mary Mulraney had, within the meaning of the statute, a life estate in the Cedar Street property, it does not follow that the city was justified in leaving that property out of the certificate of lien. The statute provides for listing the land in the name of the owner of the life estate, only when it is not "specially provided otherwise." There is nothing in this record to show that the listing of the Cedar Street property in the name of O'Riley was not "specially provided" for by the parties to the lease; indeed the facts found distinctly favor that conclusion. Mary Mulraney did not put the property in her list for 1893; and O'Riley voluntarily listed it as his for that year, and under oath asserted that it was a part of his taxable property, and never apparently claimed that this was done by inadvertance or by mistake. There is nothing in the statute that prevented the owners of the Cedar Street property from dealing with it in this way for purposes of taxation; and upon the facts found the tax laid upon the Cedar Street property, and upon the other land in O'Riley's list, was a valid tax as against him, and might be enforced against him personally, or as against said lands by way of lien, upon a proper certificate of lien. The statute in question relates to the matter of listing real estate, and not to its exclusion from the certificate of lien after it has been listed by and assessed in the name of the remainderman.

Upon the record in this case we are of opinion that the existence of the life lease does not affect the operation of the general rule hereinbefore referred to, and that the judgment of the City Court was correct.

Certain of the reasons of appeal are based upon exceptions taken to the refusal of the court to correct the finding in certain particulars, but it is unnecessary to consider these sep-

arately, for all the facts material to a decision of the main question in the case are fully set forth in the finding.

There is no error.

In this opinion the other judges concurred.