## PHELPS MONTGOMERY *vs.* THE TOWN OF BRANFORD.

Third Judicial District, Bridgeport, April Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued April 16th—decided July 10th, 1929.

*Thomas R. Fitzsimmons*, with whom, on the brief, was *Ernest L. Averill*, for the appellant (defendant).

*John Eliott*, for the appellee (plaintiff).

HAINES, J. The plaintiff alleged that on October 1st, 1927, the First Ecclesiastical Society of Branford owned the fee of two certain tracts of land in that town of which the plaintiff had possession as lessee, having an interest therein for years by contract. The lease of the first tract provided that the lessee "will pay all taxes that may be assessed upon the herein leased premises," but the lease of the second tract contained no provision for the payment of the taxes. On the first tract was a dwelling-house owned and occupied by the lessee, with its appurtenances, which the plaintiff included in his tax list returned to the board of assessors of Branford, but neither of the said tracts of land was included in his list.

The assessors of the town of Branford placed both tracts in the plaintiff's list for 1927 at a valuation of $7,500. Claiming that he was aggrieved by that action, the plaintiff appealed to the board of relief, but upon hearing, that board refused to make any change in the list, whereupon the plaintiff appealed to the Superior Court. The defendant claimed full justification for its act in assessing this property to the plaintiff was given by § 4 of Chapter 435 of the Special Acts of 1927, approved May 24th, 1927. The Superior Court sustained the plaintiff's demurrer to this defense. By stipulation, judgment was rendered and appeal taken to this court upon that ruling.

The demurrer is based upon several grounds, the most important of which are, that the Act imposes a tax upon property which the plaintiff does not own, and is in conflict with General Statutes, §§ 1134 and

1213; that the classification made by the Act is arbitrary and not based upon a reasonable relation to the subject-matter and is class legislation, and further, that it impairs the obligation of the plaintiff's contract.

We consider the questions thus raised, in the order stated. From the record it appears that the second of the tracts above referred to was set in the list of the plaintiff by the town authorities in 1926, and the decision of the question then raised appears in *Montgomery* v. *Branford,* 107 Conn. 697, 142 Atl. 398. Justification for that action was sought in a Validating Act of 1927, Public Acts, Chapter 325, § 22, which provided that the assessment lists of the town of Branford for 1926, among others, should be validated and confirmed "notwithstanding that in said lists the land and buildings or either of them shall have been assessed against the lessees of the real estate as the record owners of said land and buildings." We held that as General Statutes, § 1134, required that all lands to be taxed shall be set in the list of the record owner of the freehold, which in this case was the First Ecclesiastical Society, the act of the assessors in putting it in the list of the plaintiff lessee, was illegal and void, and that the Validating Act was also void and of no effect for the reason that no Validating Act could give legality to an Act which was wholly illegal in its inception. "Our General Assembly was without power to validate what it could not constitutionally authorize." *Montgomery* v. *Branford,* 107 Conn. 697, 707, 142 Atl. 398.

The defendant attempts to justify a repetition of the action taken in 1926, by the provisions of § 4 of the Special Act of 1927. The first three sections of this Act confirmed in the First Ecclesiastical Society, the title of all lands in the town which the Society had acquired between the years 1675 and 1730, subject

only to leases which had been given by the Society; authorized the Society to sell and convey the lands under certain conditions, and invest the proceeds at its discretion and use the income for religious, charitable and benevolent purposes. Section 4 then provides as follows: "Whenever any or all of said lands shall have been leased by said society and the income received therefrom used for religious, charitable and benevolent purposes, and said lease shall contain a provision for the payment of taxes by the lessee thereof, such lands and all improvements thereon shall be assessed against the lessees and sub-lessees in possession as the record owners of such property during the continuance of such leases." The statute law of this State provides that "any interest in real estate listed for taxation shall be set by the assessors in the list of the party in whose name the title to such interest stands on the land records of the town in which the real estate is situated." General Statutes, § 1134.

Where a tenant is in possession of lands for life or for a term of years, by gift or devise, the land may be assessed against him unless otherwise specially provided, but where the lands are held, not by gift or devise but by contract, this may not be done. General Statutes, § 1213.

The defendant claims that these implied prohibitions contained in our statute law are overcome by the provisions of § 4 of the Private Act we are considering, but the plaintiff's demurrer attacks the constitutionality of the section. It is at once apparent that this legislation is aimed at the same parties and involves the same land as the Validating Act referred to. It relates only to the land of a single owner and no other land in the town or the State is affected by it; it selects certain leaseholds under this single owner and taxes such lessees for the land which they do not own,

while all other lessees in the town and State are required to pay taxes only on property which they own. In these respects it attempts to effect the same purpose as the Validating Act which was involved in the former case. What we said of that Act *pari materia* has equal application to the present legislation. It is undeniably arbitrary and not based upon any real and substantial difference having a relation to the subject of legislation so that all persons similarly circumstanced shall be treated alike. *Montgomery* v. *Branford,* 107 Conn. 697, 707, 708, 142 Atl. 398; *Royster Guano Co.* v. *Virginia,* 253 U. S. 412, 415, 40 Sup. Ct. 560; *Gulf, Colo. & Santa Fé Ry. Co.* v. *Ellis,* 165 U. S. 150, 155, 17 Sup. Ct. 255; *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U. S. 61, 78, 31 Sup. Ct. 337; *Truax* v. *Corrigan,* 257 U. S. 312, 333, 42 Sup. Ct. 124; *Power Mfg. Co.* v. *Saunders,* 274 U. S. 490, 493, 47 Sup. Ct. 678.

"Classification is not between any classes of leases throughout the State, or . . . in Branford. Neither is it based on differences between different kinds of property or between owners in different situations. Neither taste, policy, differences of situation, or the like, or in fact any reason, is apparent in the classification made. A special exception is made but without basis for its support." It "selects leasehold interests in one town and establishes for them a measure of taxation upon the value of the land and not the leasehold interest, when all other land under lease is taxed against its owner. This, unquestionably, is class legislation. The taxation of a class must apply to all within the class, be uniform in its operation, reasonable and not arbitrary." *Montgomery* v. *Branford,* 107 Conn. 697, 708, 142 Atl. 398.

Little consideration is required to show the arbitrary and confiscatory character of the section of the Act under consideration, and it is made more apparent

when we realize that given a piece of land of the taxable value of $10,000 and taxing it for its value against a lessee whose sole interest in it may be a leasehold for six months, would in effect deprive him of the full value of his leasehold and clearly deny him that equal protection of the law which the Fourteenth Amendment of the Federal Constitution guarantees to all, and those equal rights which are protected by Article First, § 1, of the Constitution of this State.

If a tax is imposed which is "in effect and purpose a denial to one of the enjoyment of rights indicated in the Constitution and the enjoyment of which it secures equally to all, or is a seizure of property of one for the benefit of another, or is an uncompensated confiscation of property, the law authorizing such exception is in violation of mandates contained in our Constitution, and probably in all American constitutions, and is therefore void." *State* v. *Travelers Ins. Co.*, 73 Conn. 255, 265, 266, 47 Atl. 299. "The Fourteenth Amendment seeks to add the security of national protection to the two guarantees common to the State Constitution, by which life, liberty and property are free from invasion, except under the authority of law consistent with the Constitution, and by which any person or class of persons within State jurisdiction is secured against hostile discrimination in providing equal protection under the law in the enjoyment of rights belonging to all." *State* v. *Travelers Ins. Co.*, 73 Conn. 255, 269, 47 Atl. 299; *United States* v. *Cruikshank*, 92 U. S. 542, 554; *Missouri* v. *Lewis*, 101 U. S. 22, 31; *Bell's Gap. R. Co.* v. *Pennsylvania*, 134 U. S. 232, 237, 10 Sup. Ct. 533.

We must hold that § 4 of Chapter 435 of the Special Acts of 1927 is unconstitutional for the reasons we have given, and since this is determinative of the case,

we do not discuss the further questions raised by the demurrer.

There is no error.

In this opinion the other judges concurred.