**CUMBERLAND GLASS MFG. CO. v. UNITED STATES.**

No. J–315.

Court of Claims.

Nov. 3, 1930.

See, also, 44 F.(2d) 455.

Spencer Gordon, of Washington, D. C. (Covington, Burling & Rublee, of Washington, D. C., on the brief), for plaintiff.

R. C. Williamson, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, and WILLIAMS, Judges.

WILLIAMS, Judge.

The plaintiff brings this suit to recover the sum of $54,032.94, income and excess-profits taxes, with interest thereon, which, the plaintiff alleges, is an overpayment of its taxes for the fiscal year ended June 30, 1918.

Three issues are involved: (1) The cost of the plaintiff's plant as of June 30, 1917, for depreciation purposes, with the amount of accrued depreciation for the period from June 30, 1910, to June 30, 1917; (2) the amount plaintiff is entitled to deduct as depreciation as a reasonable allowance for exhaustion, wear, and tear of its property for the fiscal year ended June 30, 1918; (3) whether or not the plaintiff is entitled to deduct from income interest paid within the fiscal year 1918 which had accrued in prior years.

The issues involved are identical with those presented in the case of Cumberland Glass Manufacturing Company v. United States (Ct. Cl.) 44 F.(2d) 455, decided to-day.

In the opinion in that case these issues are fully discussed and determined. A restatement of the views therein expressed is not deemed necessary in this case.

The plaintiff is entitled to have its tax liability for the year computed on the basis of cost of its plant assets, and accrued depreciation, as of the date of June 30, 1917, as shown on its books of account and as the same

has been determined by the court in Finding No. 7.

It is entitled to a deduction for depreciation as a reasonable allowance for exhaustion, wear, and tear for the fiscal year 1918 the sum of $151,845.87.

It is entitled to a deduction for interest paid during the year the sum of $24,140.97. It is not entitled to a deduction of interest paid within the year which had accrued in prior years.

The plaintiff is entitled to recover the sum in which the total tax paid for the year exceeds its tax liability computed in accordance with this opinion.

Entry of judgment will be withheld pending the filing herein, by the parties, of a stipulation as to plaintiff's tax liability for the year, computed as aforesaid.