**LONE PINE LAWN CORPORATION v. HELVERING, Commissioner of Internal Revenue.**

**No. 151.**

Circuit Court of Appeals, Second Circuit.

July 21, 1941.

Scott P. Crampton, of Washington, D. C., and Barnet D. Golden, of New York City (Geo. E. H. Goodner, of Washington, D. C., of counsel), for petitioner.

Robert N. Anderson, Sp. Asst. to Atty. Gen., and Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., for respondent.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

This case comes up upon a petition to review deficiencies in income tax, assessed by the Board of Tax Appeals

against the petitioner, a personal holding company, for the years 1934 and 1935. The Commissioner not only assessed the taxpayer for deficiencies in its income tax, but imposed a surtax upon it as a personal holding company and a penalty under § 291 of the Act of 1934, 26 U.S.C.A. Int.Rev. Acts, page 750, and § 406 of the Act of 1935, 26 U.S.C.A. Int.Rev.Acts, page 811, for failing to make any return. The taxpayer did file a return for the years in question, but did not file it under Title 1A of the Act as required. Since we are holding that it was liable for the deficiencies, our ruling in O'Sullivan Rubber Co. v. Com'r of Internal Revenue, 2 Cir., 120 F.2d 845, results in affirming the penalty as well.

On the issue in chief the undisputed facts as found were as follows. The taxpayer was organized in 1931 and issued all its shares but five to Annie O. Mitchell, who at once distributed them to her children and grandchildren. In consideration for these shares Mrs. Mitchell paid to the taxpayer $250,000 in cash and securities, and conveyed to it five parcels of land in fee. She had already conveyed a life estate in one parcel to her sister and in the deed she reserved a life estate to herself in all five parcels. As part of the consideration the taxpayer promised to "pay all taxes, assessments and insurance premiums on all the property during" the grantor's life, and also upon the parcel in which the sister had a life estate, during the sister's life as well as the grantor's. All the land was in Connecticut and during 1934 and 1935 the taxpayer paid taxes upon it and premiums for fire insurance on the buildings. It deducted these payments from its income for the years in question, but the Commissioner disallowed the items and the Board affirmed him. The questions to be decided are whether the taxes were deductible under § 23(c) of the Act of 1934, and the insurance premiums under § 23(a), 26 U.S.C.A. Int.Rev.Acts, pages 669, 671.

Concededly the payments, if not allowed in the years in which they were made, will go to swell the "basis" when the taxpayer sells the property, but that is another question, and we have now to decide whether they were "taxes paid," or "ordinary and necessary expenses * * * in carrying on any trade or business." To take up the second point first—since it is the simpler—we need only say that the taxpayer is not shown to have been "carrying on" any "business" upon, or in respect of, the real estate in question. It is hard to see how it could have done so, for the grantor's sister was occupying one parcel and the grantor herself was occupying the others. It may be it had a "business" other than collecting the income from its property, and even that the realty was being held until the death of the life tenants for that purpose, but nothing of the sort appears. So far as we can infer, it was merely a convenient way to hold jointly income producing property. That is not a "business" within § 23(a). Higgins v. Commissioner, 2 Cir., 111 F.2d 795, affirmed, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. ——.

Next as to the taxes. The Board has held that the taxpayer's liability arose under its contract because no taxes were ever assessed against it, though, as will appear, they might have been, if the contract had been brought to the notice of the assessors. The question is one of Connecticut law. Section 1132 of the "General Statutes" of that state provides that, "when one is entitled to the ultimate enjoyment of money at interest, real or personal estate, and another is entitled to the use of the same as an estate for life or for a term of years by gift or devise and not by contract, such estate shall be set in the list of the party in the immediate possession or use thereof, except when it is specially provided otherwise." As to the parcel in which the grantor's sister held a life estate there can be no doubt; for all that appears, the grantor had conveyed this to her sister as a gift; and, if so, § 1132 certainly applied. The phrase, "when it is specially provided otherwise," cannot mean that the state or the town must go back of the record to learn whom it may sue, and that the person "listed" is immune because of a private agreement. It must mean only that, if the parties have "provided otherwise" they may make known their agreement to the assessors, who must then put the property in the "list" of the party properly liable. Nothing of the sort was done here, and it is clear that the grantor's sister was the only person taxable and taxed during the years in question.

As to the other parcels the Commissioner argues that the grantor got her life estate neither by gift, devise or contract; but that her conveyance merely "carved" a remainder out of the preëxisting fee of

which she had been seised. Hence, he says, the deed (even if one construe a deed in this connection as a "contract") was not the instrument by which she became "entitled" to the life estate; rather she had become "entitled" to it at the time she got the fee. The grantor of a remainder upon his own life no doubt enjoys his reserved life estate as of his former title, and yet it is the deed which first creates any life estate at all, and it is unreal to think of it as being from the outset wrapped within the fee like a flower in a bud. At any rate we should hesitate to hold that a statute like this did not apply to the situation at bar, for its purpose very plainly covers it; we shall assume that the grantor became "entitled" to the life estate by the deed, because without the deed there would have been no life estate whatever.

 For this reason we are called upon to construe § 1132, upon whose meaning the courts of Connecticut have not passed. In that state, as at common law, the life tenant is charged with the payment of taxes as between himself and the remainderman, White v. Town of Portland, 67 Conn. 272, 275, 34 A. 1022 (semble); Restatement of Property § 129. The rule is otherwise as to terms for years, the taxes on which the lessor must pay unless he has protected himself by some covenant in the lease. Sanford's Appeal, 75 Conn. 590, 54 A. 739; Chicago & Alton R. R. v. People ex rel. Windmiller, 153 Ill. 409, 38 N.E. 1075, 29 L.R.A. 69; State v. Mississippi River Bridge Co., 109 Mo. 253, 19 S.W. 421; People ex rel. International Navigation Co. v. Barker, 153 N.Y. 98, 101, 47 N. E. 46 (semble); New York University v. American Book Co., 197 N.Y. 294, 297, 90 N.E. 819. The most natural meaning of the statute, read against this background, is that a life tenant is always to be assessed for taxes falling due during his occupation, unless "it is specially provided otherwise"; but that a lessee is not to be assessed unless the term be created by "gift or devise," in which case the lessor receives no rent

out of which to pay them. This is further confirmed by the fact that life estates normally do not render any rent, certainly in modern times; nor indeed are they often created "by contract." The punctuation of § 1132 has apparently varied from time to time, Meriden v. Maloney, 74 Conn. 90, 49 A. 897, 899, and at one time there was a comma after the word, "life," so that the clause read "an estate for life, or for a term of years by gift or devise and not by contract." If the comma had remained there could have been no doubt that the construction we accept was necessary. The taxpayer argues, not without some show of plausibility, that its removal showed a change of intent and was meant to make the adjectival clause apply to both life estates and terms for years. Perhaps so; the English doctrine that the punctuation of a statute shall not count does not apply in this country. Taylor v. Caribou, 102 Me. 401, 67 A. 2, 10 Ann. Cas. 1080. Yet the removal would be a slender thread on which to hang such a change of meaning, especially one so unnecessary, the common law being what it is. The later phrase, "specially provided otherwise," was adequate for those exceptions to the common law which the statute intended, and it is more reasonable, we think, to assume that the clause on which this case turns was intended merely to modify in the case of donated, or devised, terms for years, the doctrine that a lessor always pays the taxes, when nothing is said. Being compelled to construe the statute without the aid of any Connecticut decision (the dictum in Montgomery v. Branford, 109 Conn. 388, 147 A. 9, was certainly not intended as an interpretation) we hold that a life tenant is always to be assessed unless he proves to the assessors that the parties have "specially provided otherwise," and procures the land to be "listed" against the remainderman. It follows that the taxpayer at bar was not entitled to the deductions claimed.

Order affirmed.