CHAS. SCHAEFER & SON, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37874.    Promulgated May 29, 1953.

*Martin M. Lore, Esq.*, for the petitioner.
*John J. Hopkins, Esq.*, for the respondent.

560

**OPINION.**

Opper, *Judge:* Since the interest was payable by petitioner at all events in already settled amounts, it was properly accruable in the

year for which payable.  See *Heer-Andres Investment Co.*, 17 T. C. 786; *United States* v. *Anderson*, 269 U. S. 422; cf. *Pierce Estates, Inc.* v. *Commissioner* (C. A. 3), 195 F. 2d 475.  That payment may not have been presently due because the directors had not "declared" the interest could affect only the time, not the liability, for payment. That is a consideration applicable to cash rather than accrual basis taxpayers.  Even if earnings were never sufficient to cover the interest, it was expressly made cumulative and would have to be paid when petitioner was liquidated or upon the earlier call of the bonds.  Inability of petitioner ever to pay the interest might be a bar to accrual. See *Zimmerman Steel Co.*, 45 B. T. A. 1041, revd. (C. A. 8) 130 F. 2d 1011; *Florence Pearlman*, 4 T. C. 34, affd. (C. A. 3) 153 F. 2d 560.  But there is no evidence whatever of that element here.  Since the interest accrued in the earlier years, it could not again be deducted when paid.  *Warner Co.*, 11 T. C. 419, 431, affd. (C. A. 3), 181 F. 2d 599; *Cumberland Glass Mfg. Co.* v. *United States*, (Ct. Cl.) 44 F. 2d 433, 455.

*Pierce Estates, Inc.* v. *Commissioner, supra*, is readily distinguishable.  There no interest became due unless and until the directors declared it payable.  It was not otherwise cumulative, was not an obligation at any time, and was not ultimately payable at all events as were the amounts here in dispute.

No evidence whatever was introduced to sustain petitioner's burden of showing that its failure to file any excess profits tax return was due to reasonable cause and not wilful neglect.  No expert advice was sought and no implication arises that any was given.  Cf. *Hatfried, Inc.* v. *Commissioner*, (C. A. 3) 162 F. 2d 628.  The mere belief that a return was unnecessary, entertained by a layman without seeking any assistance in reaching his conclusion, cannot be the sort of reasonable cause which Congress intended.  *P. Dougherty Co.* v. *Commissioner*, (C. A. 4) 159 F. 2d 269, certiorari denied 331 U. S. 838; *West Side Tennis Club* v. *Commissioner*, (C. A. 2) 111 F. 2d 6, certiorari denied 311 U. S. 674; *Lone Pine Lawn Corporation*, 41 B. T. A. 638, affd. (C. A. 2), 121 F. 2d 935.

*Decision will be entered for the respondent.*